THE STATE, THE METROPOLITAN LIFE INSURANCE COM-
PANY, PROSECUTOR, v. FREDERICK SCHAFFER.

1. Suit on a policy of life insurance under the system known as industrial insurance. Schaffer, the plaintiff below, is the beneficiary named in the written application, which was made part of the policy. The fifth condition of the policy provided that "the production by the company of this policy and a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company, that he or she is the beneficiary, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company, under this policy, have been fully satisfied." *Held*, that payment to the daughter of the insured, who produced the policy and the premium receipt book, and her receipt, constituted a complete defence to the company against any claim of the beneficiary named in the application.
2. If the beneficiary had a vested interest in the policy, the fifth condition operated as an appointment, by the parties to the contract of insurance, of various persons, any of whom were authorized to receive payment of the sum agreed to be paid on the death of the insured.

On *certiorari*.

Argued at June Term, 1887, before Justices DEPUE, VAN SYCKEL and MAGIE.

For the plaintiff, *J. A. Beecher* and *Thos. N. McCarter*.

For the defendant, *Theo. L. Currie*.

The opinion of the court was delivered by

VAN SYCKEL, J.   This action is brought upon a policy of life insurance issued under a system known as industrial insurance.

The policy was issued in pursuance of a written application by the insured. The plaintiff below is the person named in answer to question 9 in said application :

*Question :* " Name and relation of person to whom benefit is to be paid ? "

*Answer :* " [Name] Frederick Schaffer; [relation] son."

The policy refers to the said application and makes it part of the contract, and recites that in consideration of the payment of the premium agreed upon, and of a like weekly premium, to be paid on every subsequent Monday during the life of the insured, the said company doth agree to pay to the person or persons designated in condition 5 of said policy, upon receipt of proof satisfactory to said company of the death of said insured, the sum of money stipulated, to be paid ; and that said policy is issued and accepted upon the following conditions therein set forth, the fifth of which is as follows :

" The production by the company of this policy, and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary, or an executor or administrator, husband or wife, or relative by blood, or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company, under this policy, have been fully satisfied."

The fourth condition provides that the policy and receipt book must be surrendered to the company before any payment can be claimed.

The insured died on the 14th of August, 1885.

On the 24th of August, 1885, Annie Hageman, the daughter of the assured, produced to the company the policy and the premium receipt book, and the company paid her the amount of the insurance ($93), and thereupon she signed a receipt releasing and discharging the company, and at the same time surrendered the policy and receipt book.

It does not appear that the plaintiff ever had possession

either of the policy or the premium receipt book, or that he ever knew of the existence of the policy until after the death of the assured.

The company, in its defence below, produced the policy, the premium receipt book and the receipt of Annie Hageman, and made proof of the facts set forth.

The authorities are conflicting, but there are a number of well-considered cases which hold that where a person, who has obtained an insurance upon his life for the benefit of children or others, keeps the instrument himself, and alone pays the premiums, the beneficiary has no vested rights in the policy, and the insurer has the right to surrender it and take out a new policy payable to other beneficiaries. In some cases the distinction is taken that where, after the policy is taken out, it is delivered to the beneficiary, or to some one in trust for him, the right to it thereby becomes vested in the beneficiary. This was the condition in *Fortescue* v. *Barnett*, 3 *Myl. & K.* 36. See *Garner* v. *Germania Co.*, 32 *Alb. L. J.* 91; *Union Mutual Life* v. *Stevens*, 19 *Fed. Rep.* 671; *Barton* v. *Provident Mutual*, 5 *East. Rep.* 7.

In *Landrum* v. *Knowles*, 7 *C. E. Green* 594, the insurance was stated in policy to be for sole use of the children of the policy-holder, and it was held by the Chief Justice, in delivering the opinion of the Court of Appeals, that after the death of the insured this was as complete a transfer as that to trustees in *Fortescue* v. *Barnett*, *supra*.

But here it will be seen that there is no such condition or provision in the policy, and it does not appear how the beneficiary named in the application could have any equity to require the insured to keep the policy alive, or to control it in any way during the life of the insured.

All the cases agree that the contract in the policy must govern.

There is no contract or agreement to pay to the beneficiary named in the application.

The contract, in policy expressed, is to pay to the person or

persons named in condition 5 of the policy, before recited, and in the manner therein specified.

Conceding that the beneficiary named in the application has a vested interest in the policy, he holds it in accordance with and subject to the conditions of the contract contained in the policy.

Condition 5 of the policy must, in that view, operate as an appointment, both by the assured and the beneficiary, of persons, any of whom are authorized to receive payment of the sum agreed to be paid.

The company has paid in strict accordance with that condition, and is thereby discharged, under its express terms, from further liability.

The purpose and object of this kind of insurance seem to require the payment to be made in that way, and it should, in good policy, be upheld.

Unlike the ordinary life insurance, small sums are provided by these industrial policies, to be paid at once, on proof of death and surrender of policy. Suit may be brought on it in ten days thereafter, and must be brought within six months from the date of the death of the assured.

The terms and manner of the insurance contemplate speedy payment to the family of the assured, immediately after his death, to provide a burial fund, or to meet the expenses which, in such an emergency, must be incurred.

In my opinion, the judgment below should be reversed, with costs.