## OGLETREE *v.* HUTCHINSON.

1. When an application for a policy of life insurance designates a named person as the beneficiary of the policy, and a policy is issued which does not contain the name of any beneficiary, the person named in the application is to be treated as the beneficiary of the contract. Aliter, if the application name one person, and the policy name another, and the policy be accepted by the insured.

2. A stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company from liability is valid, but such a stipulation does not have the effect to make the person actually receiving the money thereunder the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto.

,    Argued May 25,—Decided August 13, 1906.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 12, 1905.

Mrs. Edna F. Ogletree, now Hutchinson, brought suit against the Metropolitan Life Insurance Company and J. P. Ogletree, and alleged: About five years ago Q. P. Ogletree made an application and had issued to him a policy of insurance upon his life in the sum of $500, by the Metropolitan Insurance Co. He died August 29, 1904. Petitioner was his wife, and was the beneficiary of the policy. The policy, copy of which is attached to the petition, names no beneficiary. The application for the policy, which is attached to the petition, names the petitioner as the beneficiary. The policy is in the hands of J. P. Ogletree, father of the deceased, and he is proceeding to collect the amount due thereunder. Petitioner prays for an injunction restraining him from collecting the amount

of the insurance, and also for a receiver to collect the same and hold it pending the determination of the controversy. The defendant demurred on the ground that the petitioner had no cause of action and was not a party to the contract of insurance. This demurrer was overruled, and the defendant excepted.

*W. H. Terrell,* for plaintiff in error.

*Payne, Jones & Jones,* contra.

COBB, P. J. (After stating the foregoing facts.) While the case was pending the insurance company paid the amount of the policy into court, and was dismissed from the case. The only question now to be determined is, who is entitled to this fund which resulted from the contract made by the insured with the company? In the application appears the following: "14. Name, etc., of beneficiary, subject to provisions of policy applied for as to payment. Name: Mrs. Edna F. Ogletree; Relationship: Wife. 15. Is name of beneficiary to be entered in policy? ――――." The policy stipulated to pay the amount thereof as an endowment to the insured when he shall have passed the age of seventy-nine years; and "if the insured shall die prior to the date of the maturity of the endowment, to pay, upon receipt of proofs of death of insured, made in the manner and to the extent and upon the blanks required herein, and upon the surrender of this policy and all receipt books, the amount stipulated in said schedule. . . In case of such prior death of the insured the company may pay the amount due under this policy to either the executor or administrator, husband or wife, or any relative by blood or lawful beneficiary of the insured, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

The application for the insurance being the proposal for the contract by the applicant and the policy being the acceptance of this proposal, the two papers are to be construed together, and any stipulation in the proposal which is not inconsistent with anything in the policy would become a part of the contract between the parties. If there is a variance between the application and the policy, the policy having been accepted presumably with full knowledge as to what it contained, and as to the fact that it did not follow the application, it would control as to the terms of the contract between the parties. The application designated the wife as the

person to whom the benefits of the policy should accrue. It is to be noted that the question in the application as to whether the name of the beneficiary should appear in the policy is unanswered. If the company had issued the policy and designated therein some other person than the wife as beneficiary, and such person was one who could have been a lawful beneficiary under the policy, the acceptance by the insured of the policy and payment of premiums thereon would have amounted to an assent to this change in the contract. Hunter *v.* Scott, 108 N. C. 213. The policy as issued did not contain the name of any person as a beneficiary. Hence as to this matter there is no conflict between the application and the policy; and it is to be assumed, as the company issued the policy in this shape and the insured accepted it, that there was a mutual assent that the contract should be construed as one making the wife the beneficiary. The clause in the policy above quoted, as to who may receipt the company and thus discharge it from liability, does not amount to a designation of a class of persons or any one of them as beneficiaries. This was merely an appointment by agreement between the parties as to persons who might receipt the company and discharge it and thereafter hold the amount received for the benefit of the person ultimately entitled thereto. If the company had, in accordance with the stipulation in the policy, paid the amount thereof to the father and taken his receipt for the same, the company would have been discharged from liability to any other person; and the father, being within the class appointed for this purpose, would hold the money for the benefit of the beneficiary under the contract. See, in this connection, State *v.* Schaffer, 50 N. J. L. 72, 11 Atl. 154; Harding *v.* Littlehale, 150 Mass. 100, 22 N. E. 703; Mass. Catholic Order *v.* Callahan, 146 Mass. 391; Bradley *v.* Insurance Co. (Mass.), 72 N. E. 989; Providence County Savings Bank *v.* Vadnis (R. I.), 58 Atl. 454; Folmer's Appeal, 87 Penn. St. 133. When the application and the policy are construed together it clearly appears that there were two things agreed on by the insured and the insurer as parties to the contract, the one being that the wife was to be the beneficiary of the contract, and that the company should be discharged by a receipt from any one of the class of relatives named in the policy, upon such relative complying with the conditions of the policy at the time of payment. The company has been discharged, and the

fund is in court, and should be awarded to the person who was intended as the beneficiary of the contract. The demurrer was properly overruled.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*