## 7871. PATE v. INSURANCE COMPANY OF VIRGINIA.

1. Ordinarily a policy of insurance upon the life of a married man, where no person is named therein as the beneficiary, is not payable to his wife, but is payable to the executor or administrator of his estate. Where, however, the provisions of the policy can be so construed as to raise a fair inference that it was the intention of the parties to the contract that the amount due under the policy upon the death of the insured should be paid to the wife, she has a right of action against the company, upon its refusal to pay her the amount due at his death.

2. The court erred in dismissing the action, on general demurrer.

DECIDED MARCH 20, 1917.

Action on insurance policy; from city court of Columbus—Judge Tigner. September 1, 1916.

*Ed Wohlwender, Hatcher & Hatcher,* for plaintiff.

*J. L. Willis,* for defendant.

BROYLES, P. J. Mrs. Ruth Pate brought an action upon two insurance policies issued by the Life Insurance Company of Virginia to Carl L. Pate, her husband. The defendant filed demurrers, both general and special, to the petition as amended. The court sustained the demurrers and dismissed the petition, and the plaintiff excepted. No beneficiary was named in the policies declared upon, but Mrs. Pate alleged that under the terms of the policies she, as the wife of the insured, was virtually made the beneficiary. Her petition as amended showed that no administrator had been appointed for the estate of her husband, that no administration upon his estate was necessary, and that no other person beside herself was claiming to be the beneficiary under the policies. The general demurrer interposed was in substance that no cause of action was in the wife, and that, as no beneficiary had been named in the policies, the personal representative of the insured was the only person who could bring suit upon the policies.

Ordinarily, where no person is named as the beneficiary in a policy of life insurance, upon the death of the insured the amount of the policy is payable to his estate. Boyden *v.* Massachusetts Masonic Life Association, 167 Mass. 242 (45 N. E. 735). It has been held by the Supreme Court of this State that "A stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company from liability is valid, but such a stipulation does not have the effect to make the person actually

receiving the money the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto." *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (55 S. E. 179). In Providence County Savings Bank *v.* Vadnais, 26 R. I. 122 (58 Atl. 454), the Supreme Court of Rhode Island ruled that no one person of a designated class has an exclusive right to recover the amount of the policy, and consequently no one of them has an attachable interest in the insurance funds. A similar ruling was made in Lewis *v.* Metropolitan Life Insurance Co., 178 Mass. 52 (59 N. E. 439, 86 Am. St. R. 463), where it was held that a son could not recover the amount due under such a policy, and that a suit could be maintained only by the personal representative of the insured. It does not appear, however, that in any of these cases there was a provision in the policy itself that the insurance company agreed to pay the amount due under the policy to any one person of a designated class. In the policies in the case at bar such an agreement to pay by the company can be clearly arrived at by construing the provisions of the policies most strongly (as they must be construed) against the company. The policies provide that "The Life Insurance Company of Virginia, in consideration of the weekly premium stated in the schedule below, which it is agreed shall be paid in advance to the company, or to its authorized representative, on or before every Monday during the continuance of this contract, agrees to pay at its home office in the city of Richmond, Virginia, in accordance with the provisions of Article Third on the second page hereof, two hundred and fifty dollars within twenty-four hours after acceptance at its home office of satisfactory proofs of the death of the insured, named below, during the continuance of this policy." "Article Third" of the policy, referred to, is as follows: "Facility of Payment.—The company may make any payment provided for in this policy, to husband or wife, or any relative by blood, or lawful beneficiary or connection by marriage of the insured, or to any other person who may appear to be equitably entitled to the same, by reason of having incurred expense on behalf of the insured for his or her burial, or for any other purpose; and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any

or either of them, shall be conclusive evidence that such benefits have been paid to the persons entitled thereto, and that all claims under this policy have been fully satisfied."

Construing these two provisions of the policies together, and most strongly in favor of the insured, it would seem that the company had agreed to pay the amount due under the policies to any one person of the various classes designated in Article Third of the policies. As was held in the *Ogletree* case, supra, the payment of the amounts due under the policies to the widow of the insured would be conclusive proof that they were paid to the person entitled to receive them and that all claims under the policies had been fully satisfied; and consequently we see no necessity in forcing the widow to go to the trouble and expense of having the estate of her deceased husband administered upon solely for the purpose of protecting the company from any other possible claimants of the fund, when it will be absolutely protected by its payment to her as the wife of the insured, especially when she alleges in her petition that there was no administration upon her husband's estate and that none was necessary, and that no other person was claiming to be the beneficiary under the policies sued upon, and all of these allegations were in effect admitted as being true by the demurrer. It will be noted that Article Third of the policies, quoted above, in specifying the various classes to whom the company may make payment, does not mention either the executor or the administrator of the estate of the insured. Nowhere in the policies does it appear that it was the intention of the parties that the amount of the policies should be paid only to the estate of the insured. In our judgment the plaintiff has a right of action against the insurance company, and the court erred in dismissing her petition, on general demurrer. The case of *Brown* v. *Mutual Life Insurance Co., 146 Ga. 123 (90 S. E. 856)*, is clearly distinguished by its facts from this case.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*