## CHANCE, administrator, *v.* METROPOLITAN LIFE INSURANCE COMPANY.

1. A contract of life insurance, as expressed in the policy, provided as to payment that "The company may make any payment, or grant any nonforfeiture privilege provided herein, to the executor of [or?] administrator, husband or wife, or any relative by blood, or connection by marriage of the insured, or to any other person appearing to said

company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof. of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." The premiums on the policy were paid by K. F. before the death of the insured, and the insurance company, recognizing its liability, made out its check to K. F. for the amount named in .the policy, but before the check was delivered to K. F. the insurance company was served with process of garnishment by the administrator of the insured, and others, claiming that the amount of the policy was payable to the heirs at law of the insured. The insurance company filed a petition praying that the. parties be required to interplead, and that the defendants be enjoined from suing the plaintiff or continuing any action already begun. The court granted a temporary restraining order, and on the hearing dissolved the restraining order "upon dismissal of all garnishment proceedings in said case." The administrator of the insured alone excepted. *Held,* that the effect of this order was to continue the restraining order as to the administrator of the insured, and that the court did not err in so continuing it.

(a) The issuance of the check payable to K. F., under the contract of insurance, was within the proper exercise of the discretion of the insurance company.

(b) The acceptance of the check by the payee and the payment of the same by the insurance company will operate as a complete discharge of the company from its obligation as insurer under the terms of the contract.

No. 234. NOVEMBER 17, 1917.

Interpleader. Before Judge Hammond. Richmond superior court. February 12, 1917.

*E. Foster Brigham* and *Paul T. Chance,* for plaintiff in error.

*C. H. & R. S. Cohen,* contra.

HILL, J. The Metropolitan Life Insurance Company issued a policy of life insurance to Charley Ford, in November, 1915, for the sum of $240. The only portion of the policy material to the decision is as follows: "The company may make any payment, or grant any non-forfeiture privilege provided herein, to the executor or administrator, husband or wife, or any relative by blood, or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." Charley

Ford, the insured, died on September 6, 1916, the premiums on the policy having been paid for ten months prior thereto by Kate Ford. Under the above clause of the policy she claimed to be the beneficiary entitled to the amount named in the policy, and the company made out a check payable to her for the sum named; but before the check was delivered several other claimants of the fund served the insurance company with summons of garnishment. These claims were based on the contention that the amount of the policy was payable to the heirs at law of the insured. The insurance company brought its petition against Paul T. Chance as administrator of the estate of the insured, W. G. Ford, J. B. Ford, Kate Ford, and the Citizens Bank of Wrens, alleging that the various parties named claimed the fund or a portion thereof, and prayed that they be required to interplead and have determined which of them was entitled thereto; and also for an injunction against the parties named, restraining them from suing the plaintiff or continuing any action already begun, etc. A demurrer to the petition was filed. The court granted a temporary restraining order against the defendants proceeding with the pending suits, etc. Upon the hearing on the rule to show cause, the court made the following order: "It appearing to the court that under the policy issued by the said Metropolitan Life Insurance Company the right to determine who is equitably entitled to receive the amount due on said policy is vested in the said Metropolitan Life Insurance Company, and that it has exercised this right: Ordered, that the restraining order heretofore granted in said case be and the same is hereby dissolved, upon dismissal of all garnishment proceedings in said case." To this judgment the administrator of Charley Ford alone excepted.

The meaning of the judgment is not entirely clear, but the proper effect of it is to continue the restraining order as to Chance. The restraining order was only to be dissolved upon the dismissal of all garnishment proceedings in the case. This does not appear to have been done by any of the parties, and hence the restraining order was not dissolved as to Chance, but remains of force.

Under the contract of insurance quoted above, the insurance company could exercise its discretion in making payment, on the death of the insured, to any person appearing to the company to be equitably entitled to it by reason of having incurred expense

on behalf of the insured. It appears from the record that the payee of the check, Kate Ford, did incur expense by paying the premiums on the policy, and the insurance company was therefore in the proper exercise of its discretion in making a check payable to her for the amount of the policy; and the exercise of such discretion by the company will, if the check is accepted by the payee and paid by the company, operate as a complete discharge from its obligation as insurer under the contract. This ruling is supported by a long line of decisions from other jurisdictions, construing similar contracts. Some of the decisions are: Thomas *v.* Prudential Ins. Co., 158 Ind. 461 (63 N. E. 795); American Security & Trust Co. *v.* Prudential Ins. Co., 16 App. D. C. 318; Brennan *v.* Prudential Ins. Co., 170 Pa. 488 (32 Atl. 1042.)

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*