# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1919

---

10324. GUARANTY MUTUAL LIFE & HEALTH INSURANCE CO. *v.*
OLIVER.

BLOODWORTH, J. We think the judgment of the judge of the superior court
is correct, and it is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 9, 1919.

Certiorari; from Chatham superior court—Judge Meldrim.
December 6, 1918.

Oliver, an undertaker, sued the insurance company, in the
municipal court of Savannah, for $50, as the amount of a death
benefit provided for in a policy issued by the defendant to Aaron
Minyard, the petition alleging that the insured died while the
policy was in force, that the plaintiff was the undertaker who
buried him, that the policy was "given" to the plaintiff by
Caroline Minyard, the beneficiary named in it, to be applied on
the burial expenses, that the amount named was due to the plain-
tiff as burial expenses, that proof of death had been duly made and
presented to the defendant, and that payment of the policy was
refused. Under the terms of the policy (a copy of which was
attached to the petition) it was payable "to the beneficiary named,"
Caroline Minyard, "to the legal representatives of the insured, or
to an undertaker as the expenses of the burial of said insured."
The defendant demurred and moved to dismiss the petition "on the
ground that only the beneficiary named in the policy could bring
the suit, and that the undertaker could not bring the suit." The
demurrer was overruled. At the trial the plaintiff introduced in

evidence the policy sued on, and testified that he was the under-taker who buried the insured, that there was due him $50 for burial expenses, that "the dead man's brother brought the policy to him and made all the arrangements for the funeral, and that he did not represent the beneficiary named in said policy," that the policy was "given" him by the dead man's brother; and that he (the plaintiff) did not have an order from the beneficiary named in the policy, and did not see her. "The plaintiff introduced the following additional testimony.: that the beneficiary had no money interest in the said policy; in other words, the policy was taken out by the insured and all the premiums were paid by the insured; that the beneficiary had made no claim nor taken any steps to recover under the policy; that two days before he died, while on his death bed, the insured had stated that he wanted the policy given to Sam Oliver [the plaintiff] to pay for his burial expenses;  .  .  that demand was made on the company by the plaintiff, and proofs of death were submitted, in accordance with the terms of the policy." No further evidence was introduced. The defendant moved to dismiss the suit, on the ground that the plain-tiff had failed to make out a prima facie case. The court over-ruled the motion and rendered judgment in favor of the plaintiff. The defendant sued out certiorari, assigning error on the rulings and judgment stated. The judge of the superior court overruled the certiorari, with direction that $25 be written off from the judgment, because of a provision in the policy that only a half of the benefit should be paid if the insured should die within six months from the issuance of the policy. The insurance company excepted. In the judgment overruling the certiorari the judge said: "I am of the opinion that, as the insurance company undertook to pay the beneficiary, or the legal representatives of the insured, or the undertaker, the death benefit, payment by the company to any one of these will discharge the obligation."

*F. B. Pittie, J. Gordon Dingle,* for plaintiff in error.

*Frederick A. Tuten,* contra.