21172. CASSIDY *v.* LIFE INSURANCE COMPANY OF VIRGINIA.

STEPHENS, J. A "facility-of-payment" clause in a life-insurance policy
which provides that the insurer "may make any payment provided for
in this policy" to the husband or wife of the insured or to any one of
designated relatives of the insured, or to any person who may have

paid the burial expenses of the insured, does not constitute any of the designated persons a beneficiary under the policy, and does not confer upon any one of such persons a vested right, title, or interest, upon the death of the insured, to the proceeds of the policy. This clause of the policy is "merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto." *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (55 S. E. 179). In a suit against the insurer to recover under the policy, after the death of the insured, by a person who claimed to be a person designated in the facility-of-payment clause, and who was the widow of a son of the insured, and who had no right to institute the suit as a beneficiary under the policy, the petition failed to set out a cause of action and was properly dismissed on demurrer. This ruling is distinguishable from that in *Pate* v. *Insurance Company of Virginia,* 19 *Ga. App.* 597 (91 S. E. 883). In that case the plaintiff, who was the widow of the insured, was heir to the estate of the insured and thereby entitled to the administration of the estate, which was, in the absence of any designated beneficiary, the beneficiary under the policy.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided August 27, 1931. Rehearing denied September 16, 1931.

*John J. McCreary,* for plaintiff.

*Jones, Jones, Johnston & Russell, Charles M. Cork,* for defendant.