### 21397. MERIWETHER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

Decided January 18, 1932.

*Winfield P. Jones,* for plaintiff.

*Smith, Hammond, Smith & Bloodworth, W. H. Smith,* for defendant.

BELL, J. (After stating the foregoing facts.) By the written terms of the agreement the company promised to pay only the executor or administrator of the insured; in other words, the estate of the insured was the designated beneficiary. In such a case, the general rule is that even a sole heir at law can not maintain suit upon the policy, although it may be alleged that the estate owed no debts and there was no administration. *Brown* v. *Mutual Life Insurance Co.,* 146 *Ga.* 123 (90 S. E. 856). In the present case there was a provision usually termed a "facility of payment" clause, providing that the company might make payment to any one of several classes of persons. If this clause were eliminated, it seems clear that the general rule as laid down in the *Brown* case would be applicable. In *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (2) (55 S. E. 179), the Supreme Court held that a stipulation of this kind does not have the effect of making the person actually receiving the money under the policy the beneficiary thereunder, but that it "is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled." So, by the written

provisions of the policy under consideration, it was *enforceable* against the company only by an executor or administrator of the insured, but with an option or privilege reserved by the company to pay some other person, as stated in the policy, should it see fit to do so. *Cassidy* v. *Life Insurance Co. of Va.,* 43 *Ga. App.* 798 (160 S. E. 549); Williard *v.* Prudential Insurance Co., 276 Pa. 427 (120 Atl. 461, 28 A. L. R. 1348). The clause containing this reservation would not operate to make a person receiving payment thereunder an actual beneficiary of the policy, but on receiving such voluntary payment he should hold the amount paid "for the benefit of the person ultimately entitled thereto." It follows that the oral agreement between the plaintiff and the agent of the company that if she would pay the premiums and keep the policy in force, she would be entitled to and the company would pay her "the said insurance after the seven-year period of disappearance [of the insured] had elapsed," could have had no other purpose than to alter the written contract so as to *bind* the company to make payment to a particular individual other than the executor or administrator, even if it did not attempt an actual change of beneficiary.

Under the statute law of this State, the policy itself, including alterations, had to be in writing in order to be valid. *Athens Mutual Life Ins. Co.* v. *Evans,* 132 *Ga.* 703 (4) (64 S. E. 993). The company might have been estopped to urge the invalidity of the supplemental oral agreement if it had been made by a duly authorized agent, and if the plaintiff relied thereon to her injury. *City Fire Insurance Co.* v. *Carrugi,* 41 *Ga.* 660 (8); *Western Assurance Co.* v. *Williams,* 94 *Ga.* 128 (2) (21 S. E. 370); *Clay* v. *Phœnix Insurance Co.,* 97 *Ga.* 44 (3) (25 S. E. 417); *Corporation of the Royal Exchange Assurance* v. *Franklin,* 158 *Ga.* 644 (1 *a*) (124 S. E. 172, 38 A. L. R. 626). But not so in view of the express limitations on the power of the agent as contained in the policy, and of which the plaintiff had notice, the limitations applying particularly to transactions occurring subsequently to the issuance of the policy. *Lippman* v. *Ætna Insurance Co.,* 108 *Ga.* 391 (33 S. E. 897, 75 Am. St. R. 62); *Johnson* v. *Ætna Insurance Co.,* 123 *Ga.* 404 (2) (51 S. E. 339, 107 Am. St. R. 92); *Athens Mutual Insurance Co.* v. *Evans,* supra; *Beasley* v. *Phœnix Insurance Co.,* 140 *Ga.* 126 (78 S. E. 722); *Davis* v. *Metropolitan Life Ins. Co.,* 161 *Ga.* 568 (131 S. E. 490), and cit.

The present case involves no question of ratification, since it does not appear that the supplemental agreement relied on by the plaintiff was ever brought to the knowledge of any agent or officer of the company having authority to act in the premises. It is distinguished from the case of *Pate* v. *Insurance Company of Virginia,* 19 *Ga. App.* 597 (91 S. E. 883), in which the policy had designated no person as beneficiary, and in which the plaintiff alleged that no administration upon the estate was necessary and that no other person besides herself was claiming to be entitled to the fund as beneficiary. The plaintiff here was divorced from the insured even before making the agreement with the collecting agent, and was not an heir and would not have been entitled to administration, nor to any portion of the proceeds of the policy independently of such agreement. Other cases similar to the *Pate* case are collected in a note to Williard *v.* Prudential Insurance Co. (supra), in 28 A. L. R. 1348, 1353.

Counsel for the plaintiff relies chiefly upon the decision of the Court of Appeals of the District of Columbia in LaRaw *v.* Prudential Insurance Co., 56 App. D. C. 199 (12 F. (2d) 140, 49 A. L. R. 935), in which an agreement by an insurer to pay the proceeds of a policy to a relative of the insured, at the expiration of seven years' absence of the insured, if such relative would keep the premiums paid, as was held to be a present election, under the facility of payment clause, as to the person to whom payment would be made. But in that case the plaintiff alleged that all payments of premiums were accepted by the company with "full knowledge of the facts in the case." Indeed, the agent was regarded by the court as "a duly authorized agent of the company," and it may be that the decision in that case should be classed with the "many cases in other jurisdictions" (*New York Life Ins. Co.* v. *Patten,* 151 *Ga.* 185, 186, 106 S. E. 183), which are contrary to the adjudications in this State that a limitation upon the authority of an agent "is valid and binds the insured." *Corporation of the Royal Exchange Assurance* v. *Franklin,* supra.

Aside from all other considerations, however, we can not concur in the reasoning in that case to the effect that the agreement did not purport to modify and alter the written provisions of the policy. To do so would, as we think, be a departure from the spirit and principle of the decisions in this State, of which those

of the Supreme Court are binding upon this court as precedents.

The rule of force in this State that all contracts of insurance must be in writing is of statutory origin, and, as was said by the Supreme Court in *Simonton* v. *Liverpool, London & Globe Ins. Co.,* 51 *Ga.* 76, 80, "many of the expressions in the cases, and, indeed, many of the cases themselves, are to be considered in view of the fact that the common law did not require such contracts to be in writing." The common-law rule prevails in most of the States, and apparently this is true of the District of Columbia, since the common law, except as modified by statute is the prevailing system in the district, and an examination of the district code and other statutes relating to the district discloses no enactment directly repealing or changing the common-law rule. Code of the District of Columbia (1929), § 171 et seq.; 32 C. J. 1113, 1115, §§ 209, 210; 12 C. J. 199, § 31; 18 C. J. 1359, § 12.

While the decision in the LaRaw case, supra, did not appear to turn upon any question as to whether the contract was one required to be in writing, it is doubtful if the court could have reached the same conclusion in a legal atmosphere such as exists in this State, resulting in part from the Georgia statute upon this subject, and from the many decisions which are inherently predicated thereon.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*