22807. WATSON *v.* PILGRIM HEALTH & LIFE INSURANCE COMPANY.

JENKINS, P. J. Under the provision in the "facility of payment" clause of the insurance policy sued on, entitling the insurance company to pay the proceeds of the policy either to the beneficiary or to "any other person or persons appearing to said company to be equitably entitled to the same by reason of having incurred expense for the 'burial' of the insured," the insurer had the option of paying either such beneficiary or the undertaking company for its expenses in burying the insured, or a sister of the deceased who had contracted with the undertaker to pay such expenses; and such a payment to either of the latter "equitably entitled" parties would relieve the insurer from liability to the beneficiary. See *Chance* v. *Metropolitan Life Ins. Co.,* 147 *Ga.* 396 (94 S. E. 239); *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (55 S. E. 179); *Guaranty Mutual Life &c. Ins. Co.* v. *Oliver,* 24 *Ga. App.* 205, 206 (100 S. E. 659); Thomas *v.* Prudential Ins. Co., 148 Pa. 594 (24 Atl. 82); Metropolitan Life Ins. Co. *v.* Schaffer, 50 N. J. L. 72 (11 Atl. 154); Bradley *v.* Prudential Ins. Co., 187 Mass. 226 (72 N. E. 989); 37 C. J. 591, § 359. Where, under the facts of the instant case, the $222 check of the insurance company, due under the policy, was actually delivered to the sister of the insured and an agent of the undertaker, and was indorsed and cashed by them, and $198.70 of the check, representing the actual funeral expenses, was immediately paid over to the undertaker, the company could not be held liable by the wife of the insured, as beneficiary of the policy, for an amount in excess of the difference between the face amount of the policy and the actual burial expenses as paid from the proceeds by the undertaker and the sister of the insured. There is no merit in the contention of the beneficiary that the drawing of the check for the policy at the home office of the insurance company, payable to the order of "Fannie Murden" constituted an "election" to pay the wife as beneficiary and not to make payment under the "facility of payment" clause. The fact that

the issuance of the check in the name of "Fannie Murden" may have been intended for the wife and not for the sister of the insured, whose name before marriage was also "Fannie Murden," would not prevent the insurance company from delivering the check, as it did, to the parties "equitable entitled" to the proceeds, and from in effect ratifying the cashing of the check by such parties, even though the check may originally have been erroneously delivered by the company, or indorsed and cashed by accident or by fraud or mistake of third persons. Furthermore, the receipt embodied in the check itself, indorsed both by the sister of the insured and the representative of the undertaker, which received the $198.70 proceeds, was also a sufficient compliance with the provision of the policy, following the "facility of payment" clause, that "the production of a receipt signed by either of said parties shall be conclusive evidence that all claims under this contract of insurance have been satisfied in full," so as to release the company at least to the extent of the $198.70, which the evidence conclusively shows was paid to the persons "equitably entitled thereto."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED AUGUST 16, 1933. REHEARING DENIED SEPTEMBER 29, 1933.

*Morris Macks, J. I. Hynds, Hugh Howell,* for plaintiff.
*G. N. Bynum,* for defendant.