TEOFILA LUTOSTANSKI ET ALS. *vs.* ANTHONY LUTOSTANSKI, INDIVIDUALLY AND AS ADMINISTRATOR (ESTATE OF FRANK LUTOSTANSKI).

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

472

Argued October 3d—decided November 5th, 1935.

*William Reeves,* for the plaintiffs.

*Hugh J. Lavery,* with whom was *R. J. Zielinski,* for the defendants.

AVERY, J.   The facts of this case are stipulated by the parties as follows:   February 20th, 1934, the defendant, Anthony Lutostanski, was appointed administrator of the estate of his father, Frank Lutostanski, late of Bridgeport, deceased, and qualified as such administrator in the Court of Probate for the district of Bridgeport.   Frank Lutostanski suffered a violent, accidental death on February 11th, 1934, in Bridgeport.   He was survived by his son, the defendant, who lives in Bridgeport; also by a wife living in Poland and three daughters living there with her.   The wife

and three daughters are the plaintiffs in this action. Frank Lutostanski was insured with the Metropolitan Life Insurance Company under three industrial policies in the amounts of $330, $459, and $450. Under the terms of each policy, the company, in consideration of the payment of the premium agreed "to pay upon receipt of proofs of the death of the Insured made in the manner, to the extent and upon the blanks required herein, and upon surrender of this Policy and evidence of premium payment hereunder, the amount stipulated in said schedule, to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph. . . . The Company may make any payment or grant any nonforfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied." By the rules of the company, in case of violent, accidental death, double the face amount of the policies would be paid.

On February 19th, 1934, the company paid over to the defendant, individually, the sum of $2478 on the policies upon the defendant filing with the company a proof of death and claimant's statement in which he set forth that he was the son of the assured, the only blood relative in this country, and the person paying the premiums upon the policies. The defendant had paid $575 of the total amount of the premiums paid on the policies and had contributed from time to time

to the support of his father. After he received payment from the insurance company, he paid from the proceeds the sum of $425 for funeral expenses of the insured, but has been reimbursed for this sum from the estate of the insured. February 28th, 1934, the defendant, as administrator, filed an inventory of his father's estate, in the Court of Probate, and in that inventory he did not include the sum of $2478 received under the insurance policies. June 23d, 1934, the defendant filed his account as administrator in the Court of Probate and did not include therein the sum received by him from the policies, but listed as the only asset of the estate the sum of $2500 received by the defendant as administrator in settlement of a claim for the wrongful death of the deceased. No notice of the hearing upon the administration account was given to the plaintiffs and they were not present at that hearing at which the account was approved, but upon discovery that the defendant administrator had failed to include in the accounting the money paid by the insurance company, they made demand of him to do so, with which he has refused to comply. The questions of law upon which the advice of this court is asked are as follows: (1) Under the terms of the policies, do the proceeds belong to the estate of Frank Lutostanski? or (2) Is the son, Anthony Lutostanski, entitled to retain the proceeds? (3) If the estate of Frank Lutostanski is entitled to the proceeds of the policies, is Anthony Lutostanski entitled to the amount of premiums paid thereon by himself? (4) If Anthony Lutostanski is entitled to retain the proceeds of the policies, is the estate entitled therefrom to the amount paid by it for funeral expenses?

The claim of the defendant in substance is that under the facility-of-payment clause in the policies set forth above, the payment to him of the amount

of the policies vested him with absolute ownership in the money so paid. By the great weight of authority, it has been held that the sole purpose of this facility-of-payment clause is for the convenience and benefit of the insurance company. *Blanchett* v. *Willis,* 161 S. C. 83, 159 S. E. 469, 75 A. L. R. 1428, and see note 1436; *Metropolitan Life Ins. Co.* v. *Schaffer,* 50 N. J. L. 72, 11 Atl. 154; *French* v. *Lanham,* 57 Fed. (2d) 422, 423. It is "an appointment both by the assured and the beneficiary of persons, any of whom are authorized to receive payment of the sum agreed to be paid. . . . The clause [is] for the convenience of the company to enable it to make prompt payment with a certainty that the validity of the payment could not be thereafter questioned." *Caveny* v. *Healey,* 94 N. J. L. 28, 29, 30, 109 Atl. 204, affirmed 95 N. J. L. 245, 111 Atl. 925. In *Allen* v. *Allen,* 88 N. J. Eq. 575, 577, 103 Atl. 169, 170, the court, after noting that under the terms of the policy the insured promised to pay the beneficiary named therein a stated amount, said: "The fact that to this promise is superadded a provision which is intended to enable the insurer for its own convenience to facilitate payment, so as to speedily discharge itself from its obligation on the policy, and incidentally enables it to provide speedy aid to the family of the insured, presumably in a period of distress, does not lessen the legal liability of the recipient of the fund, as constructive trustee for the legal beneficiary under the plain terms of the policy;" and in *Ogletree* v. *Hutchinson,* 126 Ga. 454, 55 S. E. 179, it was held that "a stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company . . . is valid, but [that] such a stipulation does not have the effect of making the person actually re-

ceiving the money thereunder the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may receive the amount due under the policy for the benefit of the person ultimately entitled thereto."

It follows that the defendant holds the money received upon these policies from the insurance company as trustee for the beneficiary named therein which, in this case, is the estate of the deceased. Proceedings should therefore be taken for the administration of the money as a part of the estate by the defendant as administrator. Inasmuch as the defendant has already been compensated by the estate of the deceased for the funeral expenses paid by him, he can make no claim to a right to retain from the moneys received the amount paid by him for such expenses. With reference to the insurance premiums paid by the defendant during the life of the deceased, the facts stated in the stipulation are insufficient to determine whether the defendant has a right to reimbursement. Any claim to such reimbursement can be fully determined in the further proceedings in the Court of Probate necessary to complete administration of the estate. The defendant should account to the Court of Probate for the entire amount received by him.

The questions propounded are answered as follows: Question 1—Yes. Question 2—No. Question 3—The defendant should account to the Court of Probate for the entire amount received by him and any right he may have to reimbursement for premiums paid should be there determined. With respect to Question 4, no answer is required.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.