26865. BREWER, administratrix, *v.* WILSON.

DECIDED SEPTEMBER 28, 1938.

*Alec Harris,* for plaintiff.
*Jack Rogers, Barry Wright,* for defendant.

MacINTYRE, J. This is a suit by Mrs. Helen Brewer, as administratrix, against Mrs. Daphine Wilson, mother of W. L. Brewer, for $85, alleged to be left from the total of two insurance policies issued by the Metropolitan Life Insurance Company on the life of W. L. Brewer, and collected by Mrs. Daphine Wilson after she had

paid the hospital and funeral expenses. Judgment was rendered for the defendant in a justice's court. On appeal trial in the superior court the following facts were admitted: The plaintiff is the widow of the insured, now deceased, and the duly qualified administratrix of his insolvent estate. She has one child. Mrs. Daphine Wilson is the mother of Brewer, who at the time of his death had two policies on his life for $186 and $218. The face value of the policies was paid to the defendant. She disbursed part of the money as follows: hospital bill, $81, funeral bill, $210, paid to plaintiff, $20. In addition to these disbursements, the defendant testified that she had spent on the deceased, his wife, and his child, in necessary living expenses, $208; this amount plus the above admitted expenses being above the total amount of the policies. The material part of the policies is as follows: The insurer agrees "to pay, upon receipt of proof of death of the insured, . . in the amount stipulated in said schedule, to the executor or administrator of the insured, *unless* payment be made under the provisions of the next succeeding paragraph," that is, "the company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or *to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial;* and the production of a receipt signed by either of said persons, or of any other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." (Italics ours.) The plaintiff testified that her husband paid the first premium on the $218 policy, at which time they were living with the defendant; that she saw him put money in an envelope on two different occasions, and heard him tell his mother he had done so, this money to be used to pay premiums. The premium receipt was introduced in evidence. Walker, an agent for the insurance company, testified that the defendant paid all of the premiums on the first $186 policy; that, several years after the first policy was taken out, Brewer married and took out a policy on himself and his wife; and that he made a few payments on these policies, and they lapsed. Randall, an agent of the company, testified that Brewer signed the application for the $218

policy, which the defendant had him take out; that the defendant had paid the first and all premiums thereon; that he delivered the policy to one of the defendant's other sons; and that neither Brewer nor his wife, the plaintiff, had ever paid any of the premiums thereon. The defendant testified that she made both applications for the policies, and paid all the premiums.

The only question in this case is whether the contract of insurance under the industrial-insurance policies vested the insurance company with the right to make payment to any person who appears to the insurer to be equitably entitled thereto, and vested in the one so paid an absolute property which he may deal with as his own, or whether "it is merely an appointment, by the parties to the contract, of a person who may collect the amounts due under the policy for the benefit of the person ultimately entitled thereto." The purpose of these industrial policies, as stated in Metropolitan Life Insurance Co. *v.* Nelson, 170 Ky. 674 (186 S. W. 520, L. R. A. 1916F, 457, 459, Ann. Cas. 1918B, 1182), is not to create a fund to provide for the future support and maintenance of the insured's family, but to provide a fund from which the insured may procure care in his last sickness, and a respectable burial. To effectuate this purpose, prompt payment is provided for through the clause known as the "facility-of-payment" clause. "These clauses vary somewhat but may be divided into two classes: first, those which provide in substance that the insurer may pay the benefit to any one related by blood or connection by marriage to the insured, or to any other person appearing to the insurer to be equitably entitled thereto, and provided further that a production of a receipt signed by any of such persons shall be conclusive and a discharge of the insurer from all claims under the policy; second, those which provide in substance that the insurer may pay the benefit to the executor or administrator, husband or wife, or relative by blood of the insured, and that a production of the policy and a receipt signed by any of the persons named shall be conclusive that the benefit has been paid to the person entitled thereto. The principal difference between these two classes is that the first gives the insurer the right to make payment to any person who appears to the insurer equitably entitled thereto, while the option given by the second form is confined to certain designated classes."

The case of *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (55 S. E. 179), is distinguishable from the instant case, in that the application for the policy in the *Ogletree* case designated the wife by her individual name as beneficiary, whereas in the instant case the policy as issued did not contain the name of a particular person as beneficiary. In the *Ogletree* case the court held the contract between the parties provided, first, that the wife was the beneficiary of the policy, and second, that the insurance company should be discharged by a receipt from any one of the classes named in the policy upon any one of such class complying with the conditions in the policy at the time of the payment. The court also held in the *Ogletree* case that "A stipulation in a policy of life insurance that payment of the amount of the policy to any relative of the insured belonging to a designated class will discharge the company from liability is valid, but such a stipulation does not have the effect to make the person actually receiving the money thereunder the beneficiary of the policy. It is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto." The wife in that case was unconditionally designated by her individual name as beneficiary, whereas in the case at bar the beneficiary was conditionally named. The contract of insurance in the present case calls first for the payment to the executor or administrator of the insured, *unless* payment be made under the provisions of the next succeeding paragraph, which provides that payment may be made to any of certain classes of relatives, or "to any other person appearing to said company to be *equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial.*" (Italics ours.) The first-named beneficiary, under which the plaintiff seeks recovery, is subject to the condition: "unless payment be made under the provisions of the next succeeding paragraph," that is, unless payment be made by the company to a person whom it is made to appear is equitably entitled thereto by reason of having incurred expenses on behalf of the insured, *or* for his or her burial. See Prudential Ins. Co. of Am. *v.* Brock, 48 App. D. C. 4 (L. R. A. 1918E, 489, 490). Some of the purposes of such "facility-of-payment" clauses in industrial insurance policies are to provide speedy payment to the family of

the assured immediately after his death, to provide a burial fund, and to meet the expenses which must necessarily be incurred in such emergencies, without the delay and expense of taking out letters of administration; and further, to remove the chance of litigation between the claimants. In effect these clauses give the company the power, acting in good faith, to discharge its debt and perform its contract by making payment to any person who is a relative of the insured by blood or marriage, or who has incurred expenses in behalf of the insured. The amounts of industrial life-insurance policies containing "facility-of-payment" clauses are always supposed to be small. The industrial policies here involved are small, and not beyond a sum reasonably sufficient for the purpose intended.

The contract between the parties vested the company with a discretion to determine the person who was equitably entitled to the insurance money (any person "equitably entitled" to the insurance money comes within one of the classes named in the policy), and that person so designated by the insurance company, in the absence of any fraud (none here appearing), is thereby vested with an absolute property in the proceeds and may deal with them as his own. Althouse v. Roth, 35 Pa. Super. Ct. 400. See also Thomas v. Prudential Ins. Co., 148 Pa. 594 (24 Atl. 82); *Chance* v. *Metropolitan Life Ins. Co.,* 147 *Ga.* 396 (94 S. E. 239); *Watson* v. *Pilgrim Health & Life Ins. Co.,* 47 *Ga. App.* 581 (171 S. E. 226). The *Watson* case is not in conflict with what is now ruled. Where it appears from the evidence that the insurance company is entitled, under the terms of the policies, to pay the proceeds thereof to any one "equitably entitled" thereto, and said company makes payment to a person who has paid hospital, funeral, drug, and other living expenses totaling an amount over and above the proceeds of the policies, we are of the opinion that such person, so designated as the person "equitably entitled," acquires a vested right in such money thus paid, and this court will not interfere with such decision by the company. To do so would be equivalent to making a new contract for the parties. Prudential Ins. Co. v. Brock, supra.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*