27573. COOLER *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED JUNE 17, 1939.

224

*Paul T. Chance,* for plaintiff.   *Cohen & Cohen,* for defendant.

SUTTON, J.   The insurance company contracted to pay, on the death of the insured, a certain sum "to the executor or administrator of the insured," *unless* payment be made by it under a so-

called facility-of-payment clause, providing that "The company may make any payment or grant any non-forfeiture privilege herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." As was said in *Brewer v. Wilson,* 58 *Ga. App.* 429, 431 (198 S. E. 835) : "The purpose of these industrial policies, as stated in Metropolitan Life Insurance Co. *v.* Nelson, 170 Ky. 674 (186 S. W. 520, L. R. A. 1916F, 457, Ann Cas. 1918B, 1182), is not to create a fund to provide for the future support and maintenance of the insured's family, but to provide a fund from which the insured may procure care in his last sickness, and a respectable burial. To effectuate this purpose, prompt payment is provided for through the clause known as the 'facility-of-payment' clause." The provision in the clause in question merely affords the company the privilege of exercising a discretion as to paying one of the class named, and such payment will effect a complete discharge of the obligations of the policy. *Chance* v. *Metropolitan Life Ins. Co.,* 147 *Ga.* 396 (94 S. E. 239) ; *Guaranty Mutual Life &c. Ins. Co.* v. *Oliver,* 24 *Ga. App.* 205 (100 S. E. 659) ; *Watson* v. *Pilgrim Health &c. Ins. Co.,* 47 *Ga. App.* 581 (171 S. E. 226). But a stipulation that payment to one of the class designated in the facility-of-payment clause will discharge the company from liability does not have the effect of making the person actually receiving the money thereunder a beneficiary of the policy. "It is merely an appointment, by the parties to the contract, of a person who may collect the amount due under the policy for the benefit of the person ultimately entitled thereto." *Ogletree* v. *Hutchinson,* 126 *Ga.* 454 (55 S. E. 179) ; *Cassidy* v. *Life Ins. Co. of Virginia,* 43 *Ga. App.* 798 (160 S. E. 549).

The plaintiff contends, that, being the sole heir at law, and there being no debts against the estate of the insured, he is entitled to maintain the suit, especially as he paid the premiums on the policy. But the privilege of the insurance company to pay one equitably entitled to receive the proceeds does not give to such a one the right

to maintain a suit on the policy. The right to sue is vested solely in the one named in the contract of insurance, and by the express terms of the policy here involved the company promised to pay only the executor or administrator of the insured. "In such a case, the general rule is that even a sole heir at law can not maintain suit upon the policy, although it may be alleged that the estate owed no debts and there was no administration. *Brown* v. *Mutual Life Insurance Co.*, 146 *Ga.* 123 (90 S. E. 856)." *Meriwether* v. *Metropolitan Life Ins. Co.*, 44 *Ga. App.* 596, 599 (162 S. E. 421). In *Cassidy* v. *Life Ins. Co. of Va.*, supra, where suit was brought by one who claimed to be a person designated in a facility-of-payment clause, and who was the widow of a son of the insured, it was held that as she was not a beneficiary she could not maintain the suit. In *Pate* v. *Insurance Company of Virginia*, 19 *Ga. App.* 597 (91 S. E. 883), where the widow of the insured was allowed to bring the suit, there was no beneficiary named in the policy; and the case is distinguishable on its facts from the present one. In the annotations following Willard *v.* Prudential Ins. Co., 28 A. L. R. 1348 (226 Pa. 427, 120 Atl. 461), a case similar to the one sub judice, it is stated: "It is generally held that facility-of-payment clauses in industrial life-insurance policies, providing in substance that the insurer may pay the benefit to the beneficiary named, or to any other person appearing to it equitably entitled thereto, are for the benefit of the insurer, to be exercised or not at its option, and that it gives a third party to whom the insurer might have elected to pay the benefit no right to compel the insurer to make the payment to him." Following this statement are many citations in support thereof. The above authorities establish clearly that the only person entitled to bring suit on the policy in the present case is the executor or administrator of the insured; and it nowhere appearing in the petition as amended that the plaintiff is proceeding in either capacity, the court properly sustained the ground of demurrer that the plaintiff was not the proper party to prosecute the suit.

It is further contended that the plaintiff is entitled to maintain the suit, for the reason that it was alleged that the defendant had elected to pay him the face value of the policy, and that the general demurrer admits the fact. However, it appears that the petition alleges only that the company, having issued the policy and

collected the premiums from the plaintiff, "recognized" him as the proper person equitably and legally entitled to any benefits due under the policy, as a result of which the plaintiff has gone to considerable trouble and expense in getting up proofs and information for the defendant. These allegations are not tantamount to asserting that the defendant admitted that the plaintiff was entitled to bring suit on the policy. The company might recognize the plaintiff as falling within the class named in the facility-of-payment clause, but although it might be justified, in its discretion, in making payment to him thereunder, it is not incumbent on the defendant, as shown in the authorities hereinbefore cited, to make such payment. It was *required* to make payment only to the executor or administrator of the insured. The premiums were paid by the plaintiff, not because of any agreement between the parties subsequently to the issuance of the policy, but under the plaintiff's original obligation. In accepting them the company was merely exercising its rights under the policy, and consequently it did nothing which would estop it from asserting that only the executor or administrator of the insured could bring a suit on the policy. In determining whether or not it would exercise its privilege of paying the amount of the policy to the plaintiff as one equitably entitled thereto under the facility-of-payment clause, the company was entitled to proof of death of the insured; and the fact that the plaintiff incurred trouble and expense in preparing and submitting "proof" of death and information to the defendant would not operate to estop it from refusing, in its discretion, to make payment to the plaintiff. Doing what he would have to do to invoke the discretion of the company would not have the effect of establishing an *election* on the part of the defendant as to whom the money should be paid.

Nor is there any merit in the contention that if the plaintiff is not entitled to the face value of the policy, he is entitled to receive its paid-up value effected by the premiums paid. While it is set out in the brief of his counsel that the defendant voluntarily elected and agreed to pay to the plaintiff the paid-up value of the policy, and that the demurrer admits it, the petition as amended alleges only that the agreement was "upon condition that the plaintiff give to it [the defendant] an indemnity bond, but which he is unable to give." Thus it appears from the record that the alleged

agreement or election was conditional, the company requiring an indemnity bond for its protection, and it is specifically shown that the plaintiff did not comply with the condition.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*