28024. SIMMONS *v.* METROPOLITAN LIFE INSURANCE CO.

DECIDED MARCH 9, 1940.

*Charles W. Anderson,* for plaintiff.
*Smith, Smith & Bloodworth,* for defendant.

MacINTYRE, J. This was a suit on an industrial life-policy containing a "facility-of-payment clause." The amount involved

was small, and was not beyond the amount sufficient for the purpose intended. From exhibits attached to the petition and made a part thereof it appears that the following provisions were contained in the policy.: "And doth further agree, subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the endowment, to pay, upon receipt of proofs of the death of the insured, made in the manner, to the extent, and upon the blanks required herein, and upon surrender of this policy and evidence of premium payments hereunder, the amount stipulated in said schedule, to the executor or administrator of the insured, unless payment be made under the next succeeding paragraph. The company may make any payment or grant any non-forfeiture privileges provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

This case is controlled adversely to the plaintiff by *Cooler* v. *Metropolitan Life Ins. Co.*, 60 *Ga. App.* 222, 227 (3 S. E. 2d, 462), where it was said: "The company might recognize plaintiff as falling within the class named in the facility-of-payment clause, but although it might be justified, in its discretion, in making payment to him thereunder, it is not incumbent on the defendant, as shown in the authorities hereinbefore cited, to make such payment. It was *required* to make payment only to the executor or administrator of the insured." See also *Brewer* v. *Wilson*, 58 *Ga. App.* 429 (198 S. E. 835) ; *Meriwether* v. *Metropolitan Life Ins. Co.*, 44 *Ga. App.* 596 (162 S. E. 421).

The insured's sister was not entitled to maintain suit on an industrial life policy containing a facility-of-payment clause giving the insurer the right to make payment to any one of a designated class equitably entitled thereto, including the sister, where the policy named as beneficiary only the executor or the administrator of the insured, and the sister did not show that she was proceeding in either capacity. The court did not err in sustaining the gen-

eral demurrer on the ground that the plaintiff was not the proper person to bring suit on the policy.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*