THE METROPOLITAN LIFE INSURANCE COMPANY v. PETER O'FARRELL, *Administrator of the Estate of Mamie Whitbeck, deceased.*

### No. 728.* ( 62 Pac. 673.)

EVIDENCE—*Life Insurance Policy—Payment.* Defendant in an action on a life insurance policy answered that it was authorized by the policy to pay the proceeds to either the executor, administrator, husband, or any relative by blood, or lawful beneficiary of the insured, at its election, and the production of the policy by the company, and a receipt in full, signed by either of such persons, should be conclusive evidence that claims under the policy had been satisfied; and that it had elected to and paid the money to decedent's husband. In addition, a general denial was entered. *Held*, that a receipt signed by decedent's husband for a sum purporting to be a payment of money due on the policy, and a check purporting to be signed by the president of defendant company, payable to the husband, without explanation, were inadmissible in evidence, since they did not tend to establish any part of the defense.

Error from Leavenworth district court; LOUIS A. MYERS, judge. Opinion filed October 25, 1900. Affirmed.

*Fenlon & Fenlon,* and *B. F. Endres,* for plaintiff in error.

*Kelso & Van Tuyl,* and *John T. O'Keefe,* for defendant in error.

---

* Petition for order to certify allowed by supreme court December 3, 1900, and case now pending therein.—REP.

The opinion of the court was delivered by

Mahan, P. J.: This was an action by the defendant in error against the insurance company to recover upon a life policy. The company answered that, by the conditions of the policy, it was authorized to pay the money due on the policy to either the executor, administrator, husband or wife, or any relative by blood, or lawful beneficiary of the insured, at its election, and a production by the company of the policy and a receipt in full, signed by either of such persons, should be conclusive evidence that all claims against the company under the policy had been satisfied; and that it had elected to pay and paid the money to one Bernard B. Whitbeck, the husband of the insured. In addition to this there was a general denial.

The plaintiff offered evidence of his appointment, of the death of the insured, proof of loss, etc., sufficient to entitle him to recover, and rested. The defendant thereupon offered in evidence a receipt signed by Bernard B. Whitbeck for $500, purporting to be a payment of the money due upon this policy, without explanation. This was objected to as being incompetent, irrelevant, and immaterial, which objection was sustained by the court. It then offered in evidence a check purporting to be signed by one J. M. Craig, as president, and George B. Woodard, upon the National Shoe and Leather Bank of New York, and payable to Bernard B. Whitbeck. This was objected to by the plaintiff as being incompetent, irrelevant, and immaterial, and not tending to prove any issue in the case, which objection was sustained by the court. There was some further offer of testimony, and the defendant rested. The court found for the plaintiff and gave him judgment upon the policy.

However, before offering evidence in behalf of the defendant, there was a demurrer to the evidence of the plaintiff, which was overruled.

The assignments of error are : 1. That the court overruled a demurrer to the evidence.  2. That the court refused to receive in evidence the release and receipt offered by defendant.  3. That the court erred in refusing to receive in evidence a check.  4. That the court erred in denying the plaintiff in error a new trial.  5. That the court erred in rendering judgment in favor of the defendant in error and against the plaintiff in error.

It is not pointed out in the argument wherein the evidence of the plaintiff is insufficient to sustain his cause of action.  We find upon examination of the record no deficiency.  We are of the opinion that the demurrer to the evidence was rightly overruled.  The release and receipt purporting to be signed by Bernard B. Whitbeck did not tend to prove any allegation of the answer.  The same must be said of the check offered in evidence and payable to the order of Bernard B. Whitbeck.  It did not tend to establish any part of the defense, was not admissible in evidence without explanation, and was properly rejected.  So we say that the second and third assignments of error cannot be sustained.

Under the fourth assignment of error, nothing is pointed out in the argument as occurring in the course of the trial that would warrant the trial court in sustaining the motion or this court in directing a new trial.  This being the case, the judgment for the plaintiff necessarily followed.  Much of the argument in the brief is devoted to the discussion of the right of the company under the policy to pay the amount due thereon to Bernard B. Whitbeck, the husband of the de-

ceased.  But inasmuch as no competent evidence was offered tending to establish the defense of payment, we do not see how it becomes material.

The judgment of the district court is affirmed.

McELROY, J., concurring.

WELLS, J. (dissenting) : I cannot concur in the foregoing opinion.  The defendant in the trial court pleaded payment of the amount due under the policy to one of the parties expressly authorized by its terms to receive it.  It was admitted upon the trial that Bernard B. Whitbeck was the husband of the insured, Mamie Whitbeck, at the time of her death, and the defendant offered to prove by said witness Bernard B. Whitbeck that he, as such husband, did receive the amount of the policy sued upon, $500, and did pay part of the premiums therefor, and signed the receipts in full for the amount due under the policy sued on, to which the plaintiff objected as incompetent, irrelevant and immaterial under the issues in the case. This objection was sustained by the court and an exception saved, and this is expressly assigned in the petition in error as the third ground why the case should be reversed, and it was argued in the brief of plaintiff in error that the exclusion of this evidence as offered was sufficient ground to entitle the defendant to a new trial under its motion therefor.

I think this contention is sound, if the payment of the money to the husband of the deceased and his receipt therefor would constitute a valid defense to the action.  This, in my opinion, leaves but one question in the case, and that is :  Had the insurance company a right to pay the money due on the policy to the husband of the deceased ?

The application for the insurance, so far as it bears

upon this subject, is as follows : "Name etc. of beneficiary, subject to provisions of policy applied for as to payment.  Name estate."

The policy issued by the company under said application and accepted by the insured contained this provision :

"The company may pay this policy to either the executor or administrator, husband or wife, or any relative by blood, or lawful beneficiary, of the insured, and the production by the company of the policy and a receipt in full, signed by either of them, shall be conclusive evidence that all claims upon said company under this policy have been fully satisfied."

It seems to me that, if there was variance between the application and the policy, the policy being the last and fullest expression of the contract, its acceptance would be an acquiescence in its provisions, but there is no variance.  The application expressly provides that in naming the beneficiary it is subject to the provisions of the policy as to payment; thus, in substance, incorporating into the application the provisions of the policy on that subject.

I think the judgment should be reversed.