THE METROPOLITAN LIFE INSURANCE COMPANY v.
PETER O'FARRELL, *Administrator.*

No. 11,966.* ( 67 Pac. 835.)

' SYLLABUS BY THE COURT.

LIFE INSURANCE—*Beneficiary—Conditions of Policy—Payment.*
Where an applicant for a policy of insurance names her estate as
her beneficiary, "subject to the provisions of the policy as to pay-
ment," and the policy contains a provision that upon the happen-
ing of certain events the company will pay to one of the persons
named in "condition first," and the condition referred to states
that "the company may pay this policy to either the executor, ad-
ministrator, husband or wife, or any relative by blood, or lawful
beneficiary of the insured," and the company in good faith pays
the amount of the policy to the husband upon proof of death and
a return of the policy, such payment is a complete defense in an
action by the administrator against the insurance company to re-
cover on the policy.

Error from court of appeals; northern department;
JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-
ELROY, judges. Opinion filed February 8, 1902. Re-
versed.

*Fenlon & Fenlon*, and *B. F. Enderes*, for plaintiff in
error.

*Kelso & Van Tuyl*, and *John T. O'Keefe*, for defend-
ant in error.

The opinion of the court was delivered by

GREENE, J.: Peter O'Farrell, administrator of the
estate of Mamie Whitbeck, deceased, sued the Metro-
politan Life Insurance Company in the district court
of Leavenworth county on a life insurance policy
issued on the life of Mamie Whitbeck in the sum of
$500. The defendant pleaded payment. The plain-

*For opinion by court of appeals, see 10 Kan. App. 151, 62 Pac.
673.—REP.

tiff recovered judgment, and the defendant prosecuted error to the court of appeals, where said judgment was affirmed (*Insurance Co. v. O'Farrell*, 10 Kan. App. 151, 62 Pac. 673), and it now prosecutes error from that judgment to this court.

Under the issues, evidence of payment might have been introduced. On the trial, it was admitted that Leonard B. Whitbeck was the husband of Mamie Whitbeck, deceased, and to maintain the defense of payment the defendant introduced in evidence the application for insurance and the policy issued thereon. It then offered in evidence a receipt of payment and release from liability purporting to have been signed by said Leonard B. Whitbeck. This was excluded by the court. It also offered in evidence its check issued to Leonard B. Whitbeck, for the sum of $500, in payment of said policy; to the introduction of this evidence an objection was sustained. It then offered to prove by the cashier of the bank upon which said check was drawn that it had been paid to Leonard B. Whitbeck; this evidence was excluded. It also offered to prove by Leonard B. Whitbeck that he had received $500, the amount due on the policy, and had receipted therefor in full. This was also objected to by the plaintiff and the objection was sustained. The plaintiff in error alleges that the court erred in excluding this evidence.

The only question involved in this case is, Had the insurance company a right to pay the money due on the policy to the husband of the deceased? It is contended on the part of defendant in error that it had not, and that such payment, if made, is not a defense to this action; this must have been the conclusion of the trial court.

This contention is based on the statement in the application for insurance wherein the insured named

her estate as her beneficiary.    She does this, however, "subject to provisions of policy applied for as to payment."    There are no contradictory statements in the application and the policy to be reconciled ; the two together constitute the contract of insurance, and the conditions of one are consistent with the conditions of the other.

The policy reads :

"In consideration of the answers and statements contained in the printed and written application for this policy, all of which are hereby made warranties, and are hereby made part of this contract, and of the payment to the company on or before the date hereof of the premium mentioned below, and of a like weekly premium to be paid on or before each Monday during the continuance of this policy, doth hereby agree, subject to the conditions set forth below and on the reverse side hereof, each and all of which are hereby made a part of this contract and are contracted by the assured to be part hereof as fully as if herein recited, to pay to one of the persons described in condition first, upon receipt of proofs made in the manner, to the extent and upon the blanks required by condition sixth, of the death occurring more than one year after the date hereof of Mamie Whitbeck, and upon surrender of this policy and all the receipt-books, the sum of $500 : Provided, however, that no obligation is assumed by this company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

It will be observed that this policy upon its face provides that the company "doth hereby agree, subject to the conditions set forth, and on the reverse side hereof, . . . to pay to one of the persons described in condition first."    The condition referred to is as follows :

"First : The company may pay this policy to either the executor or administrator, husband or wife, or any relative by blood, or lawful beneficiary, of the in-

sured, and the production by the company of the policy and a receipt in full, signed by either of them, shall be conclusive evidence that all claims upon said company under this policy have been fully satisfied.''

Under the provisions of the application and the policy, construed together, payment in good faith to either of the parties named, after the death of Mamie Whitbeck, is a full satisfaction of the demand on this policy.

It is argued by counsel for defendant in error that the printed condition on the back of the policy is in fine type and probably was never read, and that it should not control in the consideration of this contract. We do not find this to be true. This condition is the first one on the back of the policy, and is in long primer—or ten-point—type, and clearly printed and easily read. This condition is referred to in the application and in the body of the policy, and is as much a part of the contract as any other provision in either the application or the policy.

It is also contended that the check was given not to Leonard B. Whitbeck, but to Bernard B. Whitbeck, and was therefore not admissible. This, however, was not the objection made nor the theory upon which the court excluded it. If it was, then it was error for the court to exclude the testimony of Leonard B. Whitbeck, by whom defendant offered to prove that he had actually received the money on the check. This probably would have furnished a complete explanation of the mistake in the name.

The court below erred in excluding the evidence offered by the defendant to sustain its defense; the judgments of the district court and of the court of appeals are reversed, and the cause remanded.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.