NOAH W. BROWN, Admr. *vs.* ANNA DUNN.

MARCH 7, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Assumpsit. Contracts.*

Assumpsit will not lie to recover money paid by a third party to defendant, where there was no contract express or implied on the part of the defendant to pay the money to plaintiff.

(2)  *Insurance. Contracts.*

Where under an insurance policy the company paid the money to defendant under a clause in the policy permitting them to do so, there was no obligation on the part of defendant to turn over the fund to the administrator of insured to enable him to pay the debts of his intestate.

ASSUMPSIT. Heard on exceptions of plaintiff and overruled.

SWEENEY, J. This is an action of assumpsit brought by an administrator to recover money paid by an insurance

company to a sister of plaintiff's intestate. At the trial in the Superior Court each party requested a directed verdict and the trial justice directed a verdict for the defendant. The plaintiff, deeming himself aggrieved by this action, has brought the case to this court by his bill of exceptions.

The declaration contains only the common counts and the plaintiff claims that the count for money had and received is supported by his testimony and that he is entitled to judgment. The evidence proves that the intestate had two industrial insurance policies on his life and that his mother was named as beneficiary in each policy. She died before the intestate and no beneficiary was named to succeed her. The company paid the amount due on each policy to the defendant, a sister of the intestate, under authority of a clause in each policy providing, in substance, that in case of the death of the insured the company may pay the amount due under the policy to either the beneficiary named or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his burial, and the production of a receipt by either of said persons shall be conclusive evidence that all claims under the policy have been satisfied.

The plaintiff admits that under said clause the insurance company had authority to pay the money due on said policies to the defendant, but claims that the defendant should pay said money to him as administrator to enable him to pay the debts of his intestate. It is clear that if the intestate's mother (the beneficiary) had survived him and the insurance company had paid the amount due on the policies to her, the plaintiff would not be permitted to recover from her the amounts paid as assets belonging to the estate of the intestate. The defendant is one of the persons to whom the insurance company might lawfully pay the money due under the policies. There was no contract,

express or implied, on the part of the defendant to pay the insurance money to the plaintiff and consequently the plaintiff cannot maintain an action of assumpsit against her to recover the money.     5 C. J. 1381, Sec. 7.     There was no error in the action of the trial justice in directing a verdict for the defendant and the plaintiff's exception thereto is overruled.

The case is remitted to the Superior Court with direction to enter judgment for the defendant upon the verdict. ·

*Joseph G. Le Count*, for plaintiff.

*Robert M. Franklin*, for defendant.