## AMERICAN NAT. INS. CO. v. SCOTT.
### (No. 7047.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1924. Rehearing Denied Jan. 30, 1924.)

1. Evidence ⬅️66—Knowledge of all provisions in contract and meaning thereof imputed to insured.

The insured is deemed to know all the provisions in the policy of insurance and the meaning thereof.

2. Insurance ⬅️583(2)—Facility of payment clause held to authorize payment to mother of insured.

An insurance policy, designating insured's wife as the beneficiary, and providing that the insurer might pay the amount due under the policy to either the beneficiary or to any relative, or to any other person appearing to the company to be equitably entitled thereto, by reason of having incurred expense on behalf of insured for his burial, held to authorize payment to the mother of the insured for expenses incurred on behalf of insured for his burial.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Julia Scott against the American National Insurance Company. Judgment for

plaintiff, and defendant appeals. Reversed and rendered.

Carl & Swearingen and O. M. Powell, all of San Antonio, for appellant.

Newton & Woods, of San Antonio, for appellee.

SMITH, J. [1] The appeal involves the construction and validity of a stipulation in a life insurance policy that upon the death of the insured—

"The company may pay the amount due under this policy to either the beneficiary named in the [schedule attached to the policy] or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same, by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The insured is held to have known of this and all other provisions in the contract, and of the meaning thereof. Morrison v. Ins. Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63. Upon the death of the insured in this case, the company, upon production by the insured's mother of receipts showing the payment of doctor's bills, funeral expenses, etc., incurred on account of the illness, death, and burial of the insured, paid over to insured's mother the amount named in the policy, although in the schedule attached to the policy the insured had designated his wife, Julia Scott, as his substituted beneficiary. No similar policy or stipulation seems to have been construed or passed upon by any of the courts of this state.

In insurance contracts the insured and insurer have the same liberty of agreement as have the parties to any other character of contract; they may make any agreement that does not contravene the laws of the state or nation. Such contracts, when made, are subject to the same interpretation and construction as any other contract authorized by law, and the insured may enter into such stipulations with the insurer "as may be agreed on, either as to the persons who are to receive the benefit of the policy, or as to what control over it the 'insured' is to exercise." Splawn v. Chew, 60 Tex. 532. The Pennsylvania courts have thrown this wise safeguard about the rule that—

"In cases of doubtful construction, the law leans in favor of an absolute, rather than a defeasible, estate; of a vested, rather than a contingent, one; of the primary, rather than the secondary, intent; of the first, rather than the second, taker, as the principal object of the testator's bounty." Jackson's Appeal, 179 Pa. 77, 36 Atl. 156.

[2] So it was the privilege of the insured in this case to make such arrangements as

suited him in designating the beneficiaries. He could name some particular class or individual, or individuals jointly, or alternatively, or contingently, and this designation would constitute the contract with the insurance company. Here he designated Julia Scott, his wife, specifically, and directed the company to pay over the proceeds of the policy to "either" her "or to any relative by blood," etc. The evidence shows that, at the time of the insured's death, his wife, the designated beneficiary was ill, and remained so for some days, and in such contingency the insured's mother assumed the responsibility of caring for the insured, of seeing that he was appropriately buried, and of paying the expenses thereof; whereupon the insurance company paid over the amount of the policy, which was only $355, to the mother, who, being a "relative by blood" of the insured, and who, by incurring "expenses in behalf of the insured" and "for his burial," became for all those reasons one of the class specifically designated by the insured as a beneficiary of the policy. So, when the company produced receipts from her for those expenditures and for the amount of the policy, as expressly provided in the policy, it presented a complete defense to the action of the wife, the specifically designated beneficiary, for the amount of the policy. Joyce, Ins. § 730b; Metropolitan Life Ins. Co. v. Schaffer, 50 N. J. Law, 72, 11 Atl. 154; Thomas v. Insurance Co., 158 Ind. 461, 63 N. E. 795; Savings Bank v. Vadnais, 26 R. I. 122, 58 Atl. 454; Hunter v. Scott, 108 N. C. 213, 12 S. E. 1027; Ogletree v. Hutchinson, 126 Ga. 454, 55 S. E. 179; Metropolitan Ins. Co. v. Nelson, 170 Ky. 674, 186 S. W. 520, L. R. A. 1916F, 457, Ann. Cas. 1918B, 1182; Insurance Co. v. Godfrey, 75 N. J. Eq. 484, 72 Atl. 456; Insurance Co. v. O'Farrell, 64 Kan. 278, 67 Pac. 835; Bradley v. Insurance Co., 187 Mass. 226, 72 N. E. 989; Wallace v. Insurance Co., 174 Mo. App. 110, 157 S. W. 1028; Thomas v. Insurance Co., 148 Pa. 594, 24 Atl. 82; Brennan v. Insurance Co., 170 Pa. 488, 32 Atl. 1042. In the Thomas Case, cited first above, it was said concerning a similar policy that—

"The contract of the company, * * * was to pay the amount due either to the appellant as beneficiary, or, in pursuance of article second, to any one related by blood or connected by marriage with the assured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the assured, or for his burial, or for any other purpose. The appellant, as a party to the contract, has fully assented to article second, and was as firmly bound by it, as by any other condition of the policy. * * * That article operated as an appointment, both by the assured and the appellant, of persons, any of whom were authorized to receive payment of the sum named in the policy. It appears from the complaint that the company paid that sum to Martha Thomas, the mother of the assured, in strict accordance with that condition, and was thereby discharged, under its express terms, from further liability."

And in the Schaffer Case it was said that—

"All the cases agree that the contract in the policy must govern. There is no contract or agreement to pay to the beneficiary named in the application. The contract in the policy expressly is to pay to the person or persons named in condition 5 of the policy before recited, and in the manner therein specified. Conceding that the beneficiary named in the application has a vested interest in the policy, he holds it in accordance with and subject to the conditions of the contract contained in the policy. Condition 5 of the policy must in that view operate as an appointment, both by the assured and the beneficiary, of persons, any of whom are authorized to receive payment of the sum agreed to be paid. The company has paid in strict accordance with that condition, and is thereby discharged, under its express terms, from further liability. The purpose and object of this kind of insurance seem to require the payment to be made in that way, and it should, in good policy, be upheld."

The judgment is reversed, and judgment is here rendered that appellee take nothing by her suit.