13189

BLANCHETT, ADM., v. WILLIS

(159 S. E., 469)

88

*Messrs. J. Moore Mars* and *Wm. P. Greene,* for appellant,

*Messrs. Hubert C. Cox* and *J. M. Nichols,* for respondent,

June 30, 1931.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

It is our opinion that the order of his Honor, Circuit Judge Johnson, directing a verdict in favor of the plaintiff, correctly disposed of this cause. It will be reported, and is hereby affirmed.

Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice John I. Cosgrove concur.

Mr. Justice Cothran dissents.

Mr. Justice Cothran (dissenting) : This is a contest between the plaintiff, as administrator of the estate of Henry New, deceased, and the defendant Lula Willis, a sister of the intestate, over the proceeds of certain policies issued upon the life of Henry New, amounting to $750.12, which were in force at the time of his death, and which were paid by the insurance company to the defendant, Mrs. Willis.

The admitted facts of the case are these:

During his lifetime, the intestate Henry New held three life insurance policies in the Metropolitan Life Insurance Company, the dates and amounts of which do not appear in the record for appeal, and are not material in the present controversy; the insured died in February, 1929, and the total amount due upon the three policies was ascertained to be $750.12. The insured was a single man and his heirs-at-law were his sister, Mrs. Willis, his brother, Miller New, and S. P. White, a son of a predeceased sister; the plaintiff administrator is a son-in-law of Mrs. Willis, having married her daughter.

On March 28, 1929, about a month after the death of the insured, the company paid to Mrs. Willis the proceeds of the insurance, $750.12; the plaintiff contends that the pro-

ceeds were payable to him as administrator, and that Mrs. Willis induced the payment to her upon the false representation that she would pay the "funeral and burial" expenses of the insured, which she has failed and refused to do; the defendant contends that the company was authorized to pay, and she to receive, said proceeds under the terms of the policy; that the same were paid to her, and that she is in no manner accountable to the plaintiff therefor.

The case was tried before his Honor Judge Johnson and a jury, and after motions by the respective parties for a directed verdict the case was withdrawn from the jury, and later, upon consideration, his Honor filed an order for judgment in favor of the plaintiff for $750.12, the claim for damages having been withdrawn. From this judgment, the defendant has appealed.

The appeal turns upon the right of the insurance company, under the terms of the policies, to make payment to Mrs. Willis, and upon the effect of such payment, as between the administrator and Mrs. Willis.

The policies provided that the amount of the policy in each case should be paid "to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph."

The next succeeding paragraph is as follows: "The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

It will be observed that the amount of each policy was payable to the executor or administrator of the insured, only

upon the conditions expressly stated, that payment had not been made under the provisions of the next succeeding paragraph, which is the paragraph just quoted.

Under this quoted paragraph, the company had the legal right to pay, and a member of either of the classes named had the legal right to receive, the proceeds of the insurance. There were two classes: (1) Certain persons related by affinity or consanguinity to the insured; (2) any other persons who may appear to the company to be equitably entitled to the fund by reason of having incurred expense on behalf of the insured or for his or her burial. It is clear that the company may have exercised its option to pay any member of the first class regardless of the condition attached to the second class; that is to say, it was not necessary for any one related in the degrees mentioned in the first class to show that he or she was equitably entitled to the fund as indicated. The evidence shows that the defendant, Mrs. Willis, was able to qualify as a member of either class.

The fact, if it be a fact, that Mrs. Willis induced the company to pay to her the proceeds upon her promise to pay the funeral expenses, cannot be considered as a false representation, the statement of an existing fact; the most that can be said of her failure to carry out that promise is that she has broken an executory agreement; if the company saw fit to rely upon that promise, no one has the right to complain, unless it be, possibly, some one who would be entitled to enforce it as a beneficiary, one who had supplied the essentials of the funeral, or who had miminstered to the deceased in his last illness.

It appears as a fact, however, that the company recognized the defendant as the beneficiary, not upon the ground that she had promised to pay these expenses, but upon the ground that she was "a sister and care-taker" (see proofs of death), coming within both of the classes of beneficiaries.

The complaint apparently is based upon the theory of subrogation: That the plaintiff as administrator was second-

arily liable for the funeral expenses; that he paid them; and that he was thereby subrogated to the rights of the undertaker against Mrs. Willis, who had promised to assume the cost. The decree proceeds upon an entirely different theory: That the estate was the immediate beneficiary and that, when Mrs. Willis received the proceeds of the insurance, she held them as trustee for the administrator.

The theory of the administrator cannot be sustained for the simple reason that he was in a representative capacity the primary debtor, and it is universally held that the right of subrogation enures only to the benefit of one secondarily liable.

The theory of the decree cannot be sustained, for the reason that it has no support in the complaint, which is based upon an entirely different theory; and for the further reason that the policy distinctly provides that the administrator shall be entitled to the proceeds, only in the event that a beneficiary in one or the other of the classes named is not appointed by the company as beneficiary. (See provision above quoted.)

It is suggested that the provision is intended for the benefit of the company, and cannot be considered as determining any rights as between the administrator and the one selected by the company as the beneficiary. It would appear illogical to hold that the company had the right to pay and Mrs. Willis the right to receive, but that she must surrender her legal right to the administrator, whose right does not come into existence at all, except upon the failure of the company to designate a beneficiary from the classes indicated.

The authorities, in my opinion, overwhelmingly sustain the position of the appellant, as will appear by an examination of the following, many of which have construed the identical clauses under review in the present case.

The case of *Prudential Ins. Co. v. Brock,* 48 App. D. C., 4, 9 L. R. A., 1918-E, 489, involved a policy in the exact

terms of the policy in the case at bar. Upon the death of the insured, the company paid the proceeds of the policy to the husband of the insured, who accompanied the proofs of death with a statement that he would pay the funeral expenses. The policy was payable to the executor, primarily, with the same limitation as in this policy. He sued the company for the proceeds of the policy, and in the trial Court had a verdict. Upon appeal, the judgment was reversed the Court holding, quoting from *Thomas v. Ins. Co.*, 148 Pa., 594, 24 A., 82, as follows: "The company paid this money to the person appearing to it to be equitably entitled thereto, and produced a receipt signed by her for the same. This was a complete defense, under the very terms of the policy. It is for the company to judge who is the person to be equitably entitled to the money. This discretion is vested in it by the contract between the parties. The contract itself does not offend against any rule of law or public policy, and we cannot hold that the administrator is entitled to recover without making a new contract for the parties."

See, also, *Metropolitan Life Ins. Co.* (the same company involved in the case at bar and the same policy) *v. Nelson,* 170 Ky., 674, 186 S. W., 520, Ann. Cas., 1918-B, 1182 L. R. A., 1916-F, 457, and note; *Sheridan v. Ins. Co.*, 230 Ill., 33, 82 N. E., 426.

It was held in *Metropolitan Life Ins. Co.* (this company and this policy) *v. O'Farrell,* 64 Kan., 278, 67 P., 835, 836, that where the estate of the insured is named as beneficiary the application, "subject to provisions of policy applied for as to payment," and the policy provides that the benefit shall be paid to one of the persons described in a condition authorizing payment either to the executor or administrator, husband or wife, or any relative by blood or lawful beneficiary of the insured, and providing that production of a receipt in full, signed by either of them, shall be conclusive evidence that all claims under the policy have been fully satisfied, a

payment of the benefit in good faith to the husband of the insured bars a recovery by the administrator of the latter.

See, also, *Renfro v. Metropolitan Ins. Co.*, 148 Mo. App., 258, 129 S. W., 444; *Brooks v. Met. Ins. Co.*, 70 N. J. Law, 36, 56 A., 168; *Metropolitan Life Ins. Co. v. Schaffer*, 50 N. J. Law, 72; 11 A., 154; *Brennan v. Ins. Co.*, 170 Pa., 488, 32 A., 1042; *Brown v. Dunn*, 45 R. I., 63, 119 A., 758; *McDaniels v. Ins. Co.*, 332 Ill., 603, 164 N. E., 192.

Under the provision in the policy which makes the proceeds payable to the administrator "unless payment be made under the provisions of the next succeeding paragraph," and the payment has been made under that paragraph to the defendant who was a member of the class indicated, I do not see how it is possible to conclude that the administrator has any rights whatever in the proceeds of the insurance.

I think, therefore, that the motion of the defendant for a directed verdict in her favor should have been granted.