**Joe Earl HAYNES et al., Appellants,**

**v.**

**Carl WARTHAN, Guardian et al., Appellees.**

No. 6734.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 30, 1954.

Rehearing Denied Oct. 28, 1954.

Moore & Moore, Paris, for appellant.

O. B. Fisher, J. D. McLaughlin, Paris, B. F. Edwards, Clarksville, for appellee.

WILLIAMS, Justice.

This litigation involves the right to the proceeds of three life insurance contracts. Pursuant to an agreement of all litigants, the insurance carriers had deposited the proceeds with a trustee to be distributed by the latter upon final adjudication of the issues. A suit on two of the policies was consolidated with another which involved the third policy. This is an appeal from the decree entered in the consolidated action.

Rosa D. Patterson, the wife of H. Patterson, predeceased him some 15 to 30 minutes on August 28, 1950, as a result of injuries received in a common accident. She was the named beneficiary in each of the three insurance policies carried by him at the time. Joe Earl Haynes, her son by a former marriage, was the only child to survive her. H. Patterson was survived by Bobby Dale Patterson and Patricia Ann Patterson, both minors, his children by a former marriage.

In the course of H. Patterson's employment by the De Laval Separator Company by participating in an employee benefit plan, he was issued a certificate of insurance under Travelers Insurance Company Group Policy No. GA 10959, which was a group accidental death, dismemberment and loss of sight policy. According to his annual wage scale and other provisions of the insurance contract, the death benefits under the policy at the time of his accidental death was recognized by all parties to be $2,500. All the premiums on this policy were paid with community funds of H. Patterson and Rosa D. Patterson, that is, the premiums were deducted by his employer from the insured's pay checks issued to him for labor performed.

Above policy No. GA 10959 contained among its provisions a clause which reads:

"Beneficiary: Indemnity for loss of life of an employee is payable to the beneficiary designated by the employee if surviving the employee, and otherwise, to the executor or administrator of the employee. All other indemnities of this policy are payable to the insured employee. Any employee insured hereunder may at any time designate a new beneficiary for the indemnity for the loss of life by filing with the employer a written request for such change on forms satisfactory to the company, and such change shall become effective only upon receipt of such request at the home office of the company."

Grounded on the undisputed evidence that all premiums on this policy had been paid out of his earnings after his marriage to Rosa D. Patterson, that is, out of their community estate, the court concluded that the proceeds of same constituted an asset of the community estate. The court awarded to J. D. McLaughlin as temporary administrator of the estate of H. Patterson $1,250 and to Hardy Moore as temporary administrator of the estate of Rosa D. Patterson the other half.

At the time of his death, he also carried an insurance policy issued by the American National Insurance Company in the face value of $1,000 with double indemnity in the event of the insured's accidental death, which as a result of his accidental death was of the value of $2,000. A total of $406.-41 premiums had been paid by the insured to carry this one, of which total, the sum of $306,41 had been paid by him prior to his marriage to Rosa D. Patterson; and $100 had been paid out of community funds of the insured and Rosa D. Patterson.

This policy contained a clause which provided that the indemnity for loss of life is payable to the beneficiary who may be designated in the policy, if surviving, and otherwise to the executor or administrator of the insured. There existed a lien against the policy to secure $198.73 which the court found to be a community debt. The court found the portion of the policy benefits purchased with community funds amounted to $491.40 which after deducting above community debt left $292.67 as an asset of the community estate. The court found that the balance of the policy benefits in the sum of $1,494.79 constituted a part of the insured's separate estate. J. D. McLaughlin as temporary administrator of insured was awarded $1,641.12, and Hardy Moore as temporary administrator of Rosa D. Patterson was awarded $146.34.

■ The cross-assignment of appellee J. D. McLaughlin, temporary administrator of the estate of H. Patterson, wherein he asserts error of the trial court in failing to adjudicate that all the proceeds of both above-mentioned policies to be the separate property of the insured is respectfully overruled. Sherman v. Roe, Tex.Sup., 262 S.W.2d 393, 398.

At the time of his death, a certain group life policy No. G6388, issued to the De Laval Separator Company for the use and benefit of its employees, among whom was H. Patterson, and to whom was issued a certificate of insurance in the amount of $2,500, was in full force and effect. The certificate was issued to the insured subsequent to his marriage to Rosa D. Patterson. The premiums on this policy or certificate were all paid with community funds of the insured and Rosa D. Patterson; that is, the premiums were deducted

by his employer from the insured's pay checks issued to him for labor performed.

Based on the trial court's construction of the beneficiary clause in the master policy No. G6388, next herein set out, the construction of which presents the novel question here, the court awarded to appellee Carl Warthan as guardian of the estate of the two minors the entire proceeds of the policy in the sum of $2,500, although reciting in the decree "that all premiums paid on said policy were paid from the community earnings of the insured and Rosa D. Patterson, his wife."

Section 2 in the master policy or contract with De Laval Separator Company pertinent to the disposition of the proceeds of this group life policy, reads:

"Modes of Settlement:—Any claim for death under this policy shall be paid to the beneficiary designated by the Employee either in one amount or in a fixed number of instalments for each One Thousand Dollars according to the following table upon the written election of the Employer, the first instalment to be paid immediately upon receipt of due proof of death * * *

"In the event of the death of the beneficiary before payment of the amount of the insurance or of all of the instalments to which the beneficiary may be entitled, either under this provision or under the provision entitled 'Permanent Total Disability Benefit,' or in the event that no beneficiary shall have been named, or when the beneficiary is a minor, the amount of the insurance or the remainder of the instalments, as the case may be, shall be paid to the relative by blood or connection by marriage of the insured Employee or to such other person as the Employer shall designate as equitably entitled to the same."

Section 6 of the master policy provides that "any employee insured hereunder may designate a new beneficiary at any time by filing with the employer a written request for such change on forms furnished by the Company, but such change shall become effective only upon receipt of such request at the Home Office of the Company." The certificate issued to insured by his employer provides that "if death shall occur during the continuance of said policy while the employee is insured thereunder, the amount of the employee's insurance then in force under said policy shall be payable to the beneficiary designated by the employee."

Litigants are in accord that Section 2, above set out, contains a "facility of payment clause" which would become operative here only in the event of the death of the named beneficiary prior to that of the insured, or in the event no beneficiary had been named, or when the beneficiary is a minor. Such type of clause has been recognized as a valid contract and with the blessing of the courts in insurance contracts involving industrial insurance policies which usually involve benefits of limited amounts. American National Ins. Co. v. Scott, Tex.Civ.App., 257 S.W. 934, and decisions there cited; 29 Am.Jur. (Ins.) Secs. 1278, 1280. No attack is made upon the validity of this facility of payment clause.

In Potter v. Young, 193 Ark. 957, 104 S.W.2d 802, 805, cited by appellees in support of the decree here appealed from, the court in passing upon the facility clause identical in verbiage as here and based upon substantially the same fact situation, held, "The class first named [relatives by blood] shall first take," or "'if there is no one of that class, those secondly named [connections by marriage] shall take'". And "absent persons of either the first or second classes, the employer would, in that event, designate some one equitably entitled to take."

Although we have the highest respect for the opinions of the Supreme Court of Arkansas, we reluctantly disagree with the conclusions there reached that this facility clause in a controversy between or among the groups so named is determinative of who or what class would be invested with full title to the benefits or proceeds of the insurance contract. This is not a controversy between the insurer and any asserted

class or group. The insurer has declined to exercise any rights it may have possessed under the clause, and is not a party to the litigation.

"It is held that a facility of payment clause authorizing the insurer to pay the proceeds of a policy to the executor or administrator, husband or wife, or any relative of the insured or person appearing to the company equitably entitled to the proceeds, is for the protection of the insurer, and does not grant or take away a cause of action from any person * * *. Such a clause is merely an appointment, by agreement between the parties, of persons who may receipt the company and discharge it and thereafter hold the amount received for the person ultimately entitled thereto." 75 A.L.R. p. 1435, with decisions there collated; 166 A.L.R., pp. 54–83; Blanchett v. Willis, 161 S.C. 83, 159 S.E. 469, 75 A.L.R. 1428; Uptegrove v. Metropolitan Life Ins. Co., 145 Neb. 51, 15 N.W.2d 220. We adhere to above stated majority view of the courts of our states.

■ If we should assume that the policy involved had designated by name some person as beneficiary who might happen to be a minor, could it legally be asserted that by reason of this fact such minor would be divested of title to the proceeds by reason of the phrase in the facility clause, namely, "when the beneficiary is a minor, the amount shall be paid" to the classes named. If so, who by blood, an aunt, uncle, grandmother, brother, sister, or other blood relatives should receive the benefits and in what proportions, or if to a connection by marriage, then who and in what proportions? Such observations further fortify us in our adoption of the majority rule above stated that in the event of the payment of the proceeds to some person under the facility of payment clause, such person should thereafter hold the proceeds for the person ultimately and equitably entitled to receive it.

■ In the absence of a named beneficiary, we therefore conclude that the proceeds of this policy became a part of the community estate of insured and his wife, Rosa D. Patterson, by reason of the fact that all premiums were paid out of community earnings. Sherman v. Roe, Tex. Sup., 262 S.W.2d 393. The decree as to disposition of the proceeds of the policy No. GA 10959 and the American National Insurance Company policy is affirmed. The decree as to the proceeds of policy No. G6388 is reversed and judgment here rendered that its proceeds be paid over in equal amounts to the respective temporary administrators, that is, one-half to each in such official capacity respectively, to be administered according to the applicable probate laws of Texas and our statutes of descent and distribution.

Affirmed in part; and reversed and rendered in part.