WALDEN, Judge.
This appeal turns upon the interpretation to be given to the following provision in a life insurance policy:
“In the event of the death of the beneficiary before payment of the amount of the insurance or of all of the instalments to which the beneficiary may be entitled, either under this provision or under the provision entitled ‘Permanent Total Disability Benefit,’ or in the event that no beneficiary shall have been named, or when the beneficiary is a minor, the amount of the insurance or the remainder of the instalments, as the case may be, shall be paid to the relative by blood or connection by marriage of the insured Employee or to such other person as the Employer shall designate as equitably entitled to the same. In such case the remaining instalments may be commuted into one sum on the basis of interest at the rate of three and one-half per cent, per annum.”
The insured died, having been1 pre-de-ceased by his named beneficiary.
This is an interpleader action with the real protagonists and claimants to the policy proceeds being:
Mae Frances Crossley
Alonzo Cooper (the only living blood relatives, being sister and brother, respectively, of the insured),
versus
Clemmie Teen Cooper (surviving spouse of the insured).
The blood kin basically contend that the policy provision provides a class of beneficiaries thereby preferring them as “relatives by blood” of the insured.
The widow contends that the policy provision is a facility of payment .proviso. She claims the proceeds as the surviving spouse and sole surviving heir *609 under the intestate laws and Fla.Stat. § 222.13 (1973).
The trial court determined the issue in favor of the widow. We quote with approval this portion of the appealed judgment :
“Paragraph 2 of the group life insurance policy above set forth constitutes a ‘facility of payment clause’ which is for the protection of the insuror and does not grant or take away a cause of action from any persons. Such clause is merely an appointment by agreement between the parties of persons who may receipt the insurance company and discharge it and thereafter hold the amount received for the person ultimately entitled thereto. See 75 A.L.R., p. 1435, with decisions there collected; 166 A.L.R., pp. 54-83; Blanchett v. Willis, 161 S.C. 83, 159 S. E. 469, 75 H.L.R. 1428; Uptegrove v. Metropolitan Life Ins. Co., 145 Neb. 51, 15 N.W.2d 220; Haynes v. Warthan (Tex.1954) 272 S.W.2d 140. The facility of payment clause does not constitute any of the persons therein named as beneficiary entitling him to the proceeds of the policy as a matter of right. See Ogletree v. State, 126 Ga. 454, 55 S.E. 179; 46 C.J.S. Insurance § 1186, p. 98. Where the insuror fails or refuses to exercise its option under a facility of payment clause, as it has done in this case, any claims to the proceeds of the policy are unaffected by the clause. See Brown v. Ehlers, 130 Neb. 918, 267 N.W. 156.
“There being no genuine issue as to any material fact, the Court finds that CLEMMIE TEEN COOPER, surviving widow of John Henry Cooper, is entitled to the proceeds of the group life insurance policy under the provisions of Section 731.23, Laws of Florida; however, under Section 222.13, Laws of Florida, the proceeds of said policy are a part of the estate of John Henry Cooper.”
Aside from what has been said, to term the provision a contingent beneficiary clause, as contended by the blood kin, would lead to an unpalatable result. As they interpret the paragraph, it would, among other things, disqualify all named minor beneficiaries. It would prefer unnamed relatives by blood, regardless of remoteness, over the widow.
We think it clear that the provision is a facility of payment clause included simply for the convenience of the insurer, and it is in nowise determinative of beneficiaries. We so hold.
The judgment is
Affirmed.
OWEN, C. J., and CROSS, J., concur.