**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Plaintiff in Interpleader,**

v.

**Cameron JORDAN; Shannon Lee Gardner and James H. Gardner, as personal representatives of the Estate of Kermode H. Jordan; Stanley Wayne Dodds, as personal representative of the Estate of Pamela Jordan; Jacob P. Ind; Charles G. Ind, III; Justine Jordan; Christopher Jordan; and other unknown children of Kermode H. Jordan or Pamela Jordan, Defendants.**

**Civ. A. No. 93–K–1193.**

United States District Court, D. Colorado.

Nov. 15, 1993.

---

Leanne De Vos, Sherman & Howard, Denver, CO, for plaintiff.

Stephen Masciocchi, Frederick Meyer, Holland & Hart, Denver, CO, for S. Gardner, J. Gardner.

William Kirkman, Jr., Colorado Springs, CO, for S. Dodds, Charles Ind, III.

Richard Rufner, Englewood, CO, for Cameron Jordan.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This is an interpleader action in which defendants Shannon Lee Gardner and James H. Gardner, as personal representatives of

the Estate of Kermode Jordan ("the Estate of Kermode Jordan"), defendant Stanley Wayne Dodds, as personal representative of the Estate of Pamela Jordan ("the Estate of Pamela Jordan") and other defendants, allegedly surviving children of one or both of Kermode Jordan and Pamela Jordan, have asserted an interest in life insurance proceeds under the terms of a group life insurance policy ("the Policy") issued by the stakeholder, John Hancock Mutual Life Insurance Company ("John Hancock"), to Kermode Jordan's employer.

I granted an order requiring John Hancock to deposit the disputed benefits under the Policy into the court registry and dismissing John Hancock with prejudice from the interpleader action. The Estate of Kermode Jordan has filed a motion for summary judgment on its first claim for relief, seeking the distribution of $30,000 in dependent benefits under the Policy. The Estate of Pamela Jordan and defendant Charles G. Ind, III, a surviving child of Pamela Jordan, have filed a motion to reinstate John Hancock as a party to this action.[1]

The Estate of Pamela Jordan and Charles G. Ind, III responded to the summary judgment motion. Defendant Jacob P. Ind, the other surviving child of Pamela Jordan has joined in the response to the motion. Charles Ind, III and Jacob P. Ind are the offspring of another union and are not children of the deceased Kermode Jordan, either by birth or adoption. For convenience, the arguments proffered in the response to the motion will simply be attributed to the Estate of Pamela Jordan.

The key issues in the summary judgment motion are whether, on interpreting the language of the Policy, there is a genuine issue of material fact relating to the payment of dependent benefits and whether there is a genuine issue of material fact as to whether John Hancock has elected not to exercise its discretion with regard to the distribution of the dependent benefits.

## I. Facts

Kermode Jordan and Pamela Jordan were both murdered on December 17, 1992. According to their amended death certificates, they died simultaneously at 1:30 a.m. Kermode H. Jordan had dependent life insurance coverage through the Policy in the amount of $30,000 (the "dependent benefits") on the life of his wife Pamela Jordan, at the time of her death.

Pursuant to the terms of the Policy, the dependent benefits were to be paid out as follows:

> The amount of insurance payable hereunder as a result of the death of an insured dependent shall be paid to the employee if he survives the dependent, otherwise to the executors or administrators of the employee, except that the company may in such case, at its option, pay such insurance to any relative by blood or connection by marriage of the employee or of the dependent or to any other person appearing to the company to be equitably entitled to such payment.

The estates of both Kermode Jordan and Pamela Jordan have made claims to the $30,000 in dependent benefits.

The Estate of Kermode Jordan now moves for summary judgment, arguing that it has priority to the interplead funds based on the unambiguous language of the Policy. It contends that, under the Policy, if Pamela Jordan (the "insured dependent") did not survive Kermode Jordan (the "employee"), dependent benefits must be paid to Kermode Jordan, who is succeeded by his estate. If Pamela Jordan did survive Kermode Jordan, the benefits must be paid to the Estate of Kermode Jordan. In either instance, it argues, the dependent benefits must be paid to the Estate of Kermode Jordan. Therefore, there is no genuine issue of material fact, and the Estate of Kermode Jordan is entitled to summary judgment as a matter of law.

The Estate of Kermode Jordan anticipates the argument of the Estate of Pamela Jordan that Pamela Jordan survived Kermode Jor-

---

1. The Estate of Pamela Jordan simultaneously filed a motion requesting a ruling on which court, state or federal, had jurisdiction to deter-

mine order of death, but withdrew this motion at the time of hearing of oral argument.

dan and that, under the Policy terms, John Hancock may exercise the option to pay the dependent benefits to other persons it deems to be equitably entitled to such payment. The Estate of Kermode Jordan responds that, since John Hancock has deposited the dependent benefits into the court registry and has been dismissed from this case, John Hancock has chosen not to exercise its option and the dependent benefits must be paid to the Estate of Kermode Jordan.

The Estate of Pamela Jordan contends there is a disputed question of fact whether Kermode Jordan or whether Pamela Jordan "had dependent life insurance coverage" under the Policy since a copy of the policy was not appended to the Motion. The estate of Pamela Jordan had requested a copy of the Policy from John Hancock but, at the time of filing its response to the motion, had not received such copy.

Secondly, as anticipated, the Estate of Pamela Jordan contends that, based on an affidavit of the coroner who performed the autopsies, Kermode Jordan predeceased Pamela Jordan. In these circumstances, it contends, John Hancock has the discretion to permit payment to "any relative by blood or connection by marriage of the employee or of the dependent or to any other person appearing to the company to be equitably entitled to such payment." There is no evidence before me, it contends, that John Hancock has considered and declined to exercise its apparent discretion and, further, that payment of the funds into the court is not tantamount to an exercise of that discretion.

II. *Motion for Summary Judgment*

A. *Standards for Summary Judgment.*

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law," *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991), but the court must "view the record in a light most favorable to the parties opposing the motion for summary judgment," *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991). " 'The moving party carries the burden of showing beyond a reasonable doubt that it is

entitled to summary judgment.' " *Hicks v. City of Watonga, Okla.,* 942 F.2d 737, 743 (10th Cir.1991) (quoting *Ewing v. Amoco Oil Co.,* 823 F.2d 1432, 1437 (10th Cir.1987)). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991). "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l., Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

B. *The Entitlement of the Estate of Kermode Jordan to the Dependent Benefits*

The Estate of Pamela Jordan, in its Response to Motion for Summary Judgment, first argues that there is a disputed issue of material fact whether Kermode Jordan "had dependent life insurance coverage" or whether Pamela Jordan "had dependent Life insurance coverage" under the Policy. It states that a certified copy of the Policy was not appended to the Motion and that it is without sufficient information as to the terms of the Policy to know whether Pamela Jordan or Kermode Jordan had dependent coverage. Further, the Estate of Pamela Jordan states that a certified copy of the Policy was requested from John Hancock on June 30, 1993 but had not been received.

The initial question, therefore, is whether there is a genuine issue of material fact as to who is "the employee" and who is the "insured dependent" under the Policy. Alternatively stated, is there a genuine issue of material fact as to whether Kermode Jordan, as opposed to Pamela Jordan, "had dependent life insurance coverage"? John Hancock did not attach a copy of the Policy to the complaint. The Motion for Summary Judgment includes only page I–6.3 of the Policy (Exhibit "B"), relating to Group Life Insurance for Dependents. Page I–6.3 contains

the above-quoted paragraph relating to the payment of dependent benefits, but does not specifically state who "the employee" is. John Hancock, in paragraph 20 of the Complaint for Interpleader, alleges that Kermode Jordan had dependent life insurance coverage through the Policy in the amount of $30,000 on the life of Pamela Jordan, his wife and dependent, at the time of her murder on December 17, 1992, referred to in the Policy as "the dependent benefits". The Estate of Kermode Jordan in its moving papers, assumes without explanation, that Kermode Jordan is "the employee" and that Pamela Jordan is "the insured dependent" under the Policy.

John Hancock, in its response to the motion of the Estate of Pamela Jordan to reinstate John Hancock as a party to this action (filed on August 31, 1993), states that a copy of the Policy was provided as soon as John Hancock was able to verify the accuracy of the Policy in total. John Hancock attaches a copy of correspondence dated March 23, 1993, addressed to John Hancock by counsel for the Estate of Pamela Jordan, before this action was commenced quoting the Policy language, and making a claim to the dependent benefits on behalf of the Estate of Pamela Jordan.

The Estate of Kermode Jordan has filed a reply brief, to which is attached Kermode Jordan's Group Insurance Authorization dated November 3, 1996 (Ex. "C"), Kermode Jordan's 1987 Benefits Statement (Ex. "D"), and a copy of the Policy (Ex. "E"). These documents show, without doubt, that Kermode Jordan was "the employee" and Pamela Jordan was "the dependent" under the Policy with regard to the dependent benefits.

Taking all of the above into account, the issue raised by the Estate of Pamela Jordan as to who had dependent life insurance coverage is a mere pretext. I find that there is no genuine issue of material fact that Kermode Jordan was "the employee" and Pamela Jordan was "the dependent" under the Policy with regard to the dependent benefits and that Kermode Jordan, rather than Pamela Jordan, "had dependent life insurance coverage" through the Policy.

I further find that the unambiguous language of the Policy dictates that the dependent benefits must be paid to the Estate of Kermode Jordan, irrespective of the order of death of Pamela Jordan and Kermode Jordan. Contract interpretation, including that of insurance contracts, is a question of law and the presence of an ambiguity must be determined as a matter of law. An ambiguous contract term is one "reasonably susceptible to more than one interpretation." *Carland v. Metropolitan Life Ins. Co.,* 935 F.2d 1114, 1120 (10th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 670, 116 L.Ed.2d 761 (1991). If a contract is unambiguous, it must be construed to give effect to its plain meaning. *Omnibank Parker Road v. Employers Ins. of Wausau,* 961 F.2d 1521, 1523 (10th Cir.1992). On a plain reading of the Policy language, if Kermode Jordan survived Pamela Jordan, i.e. the employee survived the dependent, the dependent benefits are payable to Kermode Jordan who is succeeded by his estate. Conversely, if Pamela Jordan survived Kermode Jordan, the dependent benefits must be paid to "the executors or administrators of the employee," i.e. the Estate of Kermode Jordan. Accordingly, since no ambiguity exists on the face of the contract, no question of fact is presented. I find that there is no genuine dispute that, irrespective of order of death, the Estate of Kermode Jordan is entitled to the dependent benefits under the terms of the Policy. I therefore grant the motion for summary judgment as to the Estate of Kermode Jordan's first claim for relief.

### C. *John Hancock's Discretion under the Policy*

The Estate of Pamela Jordan next argues that, there is a genuine issue of material fact whether John Hancock will exercise its discretion to pay dependent benefits to someone other than the Estate of Kermode Jordan. Under the Policy, John Hancock may, in the event that the dependent survives the employee, "at its option, pay [dependent benefits] to any relative by blood or connection by marriage of the employee or of the dependent or to any other person appearing to the company to be equitably entitled to such payment." This clause is called a "facility of

payment clause." 4 Ronald A. Anderson & Mark S. Rhodes, *Couch Cyclopedia of Insurance Law,* § 27:73 at 713 (2d ed. 1984 & Supp.1993). In its reply brief, the Estate of Kermode Jordan cites *Jenkins v. Metropolitan Life Insurance Co.,* 113 Colo. 68, 155 P.2d 772 (1944), as the leading Colorado case concerning a "facility of payment clause." In *Jenkins,* the Court noted:

> The authorities are in agreement that the facility of payment clause commonly found in industrial insurance policies, as here, is permissive in character, and of which only the insurance company may make avail. Here, concededly, the insurer did not elect to act under that clause of the policy. In such situation, as we announced in *Moore v. Hendley,* 97 Colo. 258, 48 P.2d 808, 809 [1935], "the provision is not involved." "The facility of payment clause, it has been held, is for the protection of the insurer and does not grant or take away a cause of action from any person." 29 Am.Jur., p. 956, § 1280. "Beyond affording the company protection in paying to another, the facility of payment clause does not affect the beneficiary's rights." 31 C.J., p. 970, [§ 8] 2. "The 'facility of payment clause' need not be considered, as the company, for whose benefit the clause was inserted, did not exercise any rights thereunder when it saw fit to pay the money into court." *Pashuck v. Metropolitan Life Insurance Co.,* 124 Pa.Super. 406, 188 A. 614, 615 [1937]. For exhaustive discussion, see *Blanchett v. Willis,* 161 S.C. 83, 159 S.E. 469, 75 A.L.R. 1428 [1931].

*Id.* at 774.

The Estate of Pamela Jordan attaches to its Supplementary Response to Motion for Summary Judgment an affidavit of coroner, Dr. David Bowerman, who opines that Kermode Jordan predeceased his wife, Pamela Jordan. The Estate of Pamela Jordan argues that, since Pamela Jordan survived Kermode Jordan, John Hancock may exercise its option under the Policy to pay the dependent benefits to someone other than the Estate of Kermode Jordan. Further, it claims that there is no evidence before the court that John Hancock has considered and declined to exercise its discretion and that payment of the Dependent Benefits into the Court is not tantamount to an exercise of that discretion.

John Hancock attaches to its response to the motion of the Estate of Pamela Jordan to reinstate John Hancock as a party a copy of a letter dated March 23, 1993, addressed to John Hancock by counsel for the Estate of Pamela Jordan. The first paragraph of the letter reads: "I have received your letter dated March 17th on March 22nd, 1993. At the outset I must state that I am shocked concerning the statement in your letter that you intend to release the $30,000.00 dependent life proceeds to Kermode Jordan's estate." The third paragraph reads: "You should be aware that your stated intention would release the $30,000.00 on the life of Pamela Jordan to her husband's estate and, thereby, probably, exclude her own two children who must be included in that class of persons to be equitably entitled to such payment." The letter concludes that if John Hancock should follow its intention, counsel for the Estate of Pamela Jordan would file suit to "correct this inequitable result." It is reasonable to infer from this letter that John Hancock had, before this interpleader action, indicated its intention to pay the dependent benefits to the Estate of Kermode Jordan and had declined to exercise its option under the Policy.

John Hancock, in paragraph five of its Motion to Deposit Group Life Insurance Benefits into the Registry of the Court, stated that as a result of the conflicting claims, it was unable to determine who was entitled to payment of the dependent benefits and that if it were to make payment to any of the individual defendants, it would be faced with the risk of multiple litigation. Therefore John Hancock sought to pay the dependent benefits into the Court and to be dismissed from this action. The Court granted the relief sought by John Hancock in its order dated June 8, 1993. John Hancock chose not to exercise its option under the Policy by paying the money into court and requesting to be dismissed from this action, *see Jenkins,* 155 P.2d at 774.

I find there is no genuine dispute that John Hancock has, by its actions, declined to exercise its option to pay the dependent ben-

efits to any person whom it deems to be equitably entitled to such payment.

### III. *Motion to Reinstate John Hancock as a Party to this Action*

The Estate of Pamela Jordan and Charles G. Ind III have filed a motion to reinstate John Hancock as a party to this action. For convenience, the motion is referred to as that of the Estate of Pamela Jordan. The grounds advanced are that John Hancock is a necessary party to these proceedings "for purposes of discovery, determination of the issues with regard to attorney fees of Plaintiff being deducted from the proceeds of the policies and for the exercise of its discretion in determining to whom the proceeds of the dependent life insurance proceeds should be paid as "equitably entitled" according to the terms of the policy as alleged in paragraph 21 of the Complaint." (Mot. to Reinstate at 1.) I issued an order allowing restricted appearance of John Hancock for the purpose of responding to this motion.

The Estate of Pamela Jordan maintains it is necessary to reinstate John Hancock as a party for the purpose of discovery. The discovery envisaged is obtaining a certified copy of the Policy and taking the deposition of a representative of John Hancock. John Hancock responds that the certified copy request is moot since John Hancock has provided a copy of the Policy and has stated that it is the correct policy. John Hancock further maintains that a deposition of John Hancock's representative is not calculated to lead to the discovery of admissible evidence as the language of the Policy, which is in the hands of all parties speaks for itself and is subject to the court's interpretation as a matter of law. Even if the parties wish to take such deposition or to pursue the certified copy of the Policy, it is not necessary to reinstate John Hancock as a party solely for this purpose. John Hancock indicates that it intends to treat any discovery request relating to the case as a request for information and to make a response to it. Should John Hancock renege, the party seeking discovery would be at liberty to resort to the subpoena process.

The Estate of Pamela Jordan advances another reason for the proposed reinstatement as being for the "determination of the issues with regard to attorney fees of Plaintiff being deducted from the proceeds of the policies." (Mot. to Reinstate at 1.) Apparently, the Estate of Pamela Jordan does not question the amount of attorney fees deducted from the proceeds of the Policy fees but seeks to raise as an issue the fact that attorney fees were deducted at all.

■ The test for awarding fees and costs to a stakeholder in an interpleader action is a typical equitable one that is very similar to the standard used to determine whether interpleader relief ought to be granted—should the interpleading party be required to assume the risk of multiplicity of actions and erroneous election? If not, then the stakeholder should be made whole. 7 Charles A. Wright et al., *Federal Practice and Procedure* § 1719 at 637 (1986); *United States ex rel. General Elec. Co. v. Browne Elec. Co.,* 168 F.Supp. 806, 808 (E.D.Va.1959).

■ John Hancock acted appropriately when it filed an interpleader action with this court. The court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1335 because the amount interplead exceeds $500 and two or more adverse claimants of diverse citizenship are claiming entitlement to the funds to be interplead. It is clear from the correspondence dated March 23, 1993 addressed to John Hancock by counsel for the Estate of Pamela Jordan that, if John Hancock had not filed the interpleader action and had paid the dependent benefits to the Estate of Kermode Jordan, the Estate of Pamela Jordan would have filed a lawsuit. The Estate of Pamela Jordan does not offer any reason as to why John Hancock should have assumed the risk of such lawsuit and that of other interested parties. Applying the equitable test, John Hancock was appropriately made whole from the Policy proceeds and there is no reason to reinstate it as a party to deliberate the issue.

Finally, the Estate of Pamela Jordan contends that John Hancock is a necessary party for the "exercise of its discretion in determining to whom the proceeds of the dependent life insurance proceeds should be paid as 'equitably entitled' according to the terms of the policy as alleged in paragraph 21 of

the Complaint." (Mot. to Reinstate at 1.) With regard to the summary judgment motion, I find that there is no genuine dispute of fact that John Hancock has, by its actions, declined to exercise its option to pay the dependent benefits to any person whom it deems to be equitably entitled to such payment. Since there is no genuine dispute of fact, this issue raised by the Estate of Pamela Jordan is moot and is rejected as a ground for reinstatement.

 A further reason for rejecting this ground for reinstatement is the principle that the insurance company alone may avail itself of the facility of payment clause. As stated in *Jenkins:* "The facility of payment clause, it has been held, is for the protection of the insurer and does not grant or take away a cause of action from any person." 155 P.2d at 774. The Estate of Pamela Jordan derives no rights from the facility of payment clause and cannot use it as a foundation either for its claim to the dependent benefits or for its claim for reinstatement of John Hancock as a party to this action.

Therefore, I deny the motion of The Estate of Pamela Jordan and Charles G. Ind III to reinstate John Hancock as a party to this action. Accordingly,

IT IS ORDERED THAT the Motion for Summary Judgment of Defendants Shannon Lee Gardner and James H. Gardner is GRANTED, and

IT IS FURTHER ORDERED THAT the Clerk is directed to distribute the amount of $30,219.69 which is presently being held in the court registry to Shannon Lee Gardner and James H. Gardner, as personal representatives of the Estate of Kermode Jordan. (This amount represents the $30,000 dependent benefits together with accumulated interest thereon, less attorneys fees and less $24.41 being the court registry handling charge.)

IT IS FURTHER ORDERED THAT the Motion to Reinstate John Hancock Mutual Life Insurance Company as a Party to this Action is DENIED.